NATHAN THOMAS V. JOHN INGRAM.

That the Court did not, in charging the jury, assume as undoubted, a leading fact which was clearly proved, but charged, hypothetically, upon the negative of such fact, will not cause a reversal of the judgment, where there is no cause to believe that the jury were misled.

Appeal from Fayette. Tried below before the Hon. James H. Bell.

Suit by appellee against appellant, to establish a boundary line. The call in both titles, which were both issued in 1831, was for a straight line, same course, and same terminus on the river; one calling for the other. The defendant claimed that the line as marked on the ground, was a broken line, making a difference of nineteen acres, in a length of 3663 varas. It was proved beyond doubt, that the line had been run and marked, but not plainly; and the evidence failed to establish, with any degree of certainty, the broken line. The Surveyor who ran the line originally was a witness for plaintiff, and testified that he ran the line, and had a blazer who was indolent, and avoided bad places; marking fore and aft, except where the tree was some distance to the side. He did not think it at all probable that he ran a broken line; but would not say it was impossible. The Court instructed the jury, very distinctly, in addition to what is stated in the Opinion, that the marked line, if it could be identified, would control the course; and if marked as claimed by defendant, they should find for him.

*W. R. Jarmon*, for appellant. It is insisted that the fourth charge given to the jury by the Court below, misled them from the true point in controversy. The testimony of first witness of appellee, Thomas H. Mays, clearly proves that the line between the Berry league and the Ingram quarter, which is the line in controversy, was originally run and marked, before Ingram received his title papers to the same as a colonist. It was further conclusively proven by said Mays, and by the many admissions of Ingram to other witnesses, that he, Ingram, was present

when the line was run. Ingram pointed out a China bush to his witness Price, and others, witnesses both for appellant and appellee, by which he said the line between him and the Berry league was run. The fourth charge leaves this question in doubt, and the matter is left to the jury to determine whether it was run or not. The Court should have instructed the jury, that the line had been run, and left them to determine where that was. It is no invasion of the province of a jury, where the evidence is all on one side, for the Court to instruct them how to find their verdict. (Bond v. Mallow, 17 Tex. R. 636; Wintry v. Morrison, Id. 372; Hancock v. Horan, 15 Id. 507; Yarborough v. Tate, 14 Id. 483; Lee v. Hamilton, 12 Id. 413.)

II. Counsel argued that the verdict was against the evidence.

*W. G. Webb*, also, for appellant.

*Tate, McFarland* and *Gates*, for appellee.

ROBERTS, J. The principal grounds of exception in this case are, 1st. That the charge of the Court was calculated to mislead the jury, by not taking for granted a fact which was well established, to wit: that the line in dispute was originally run by the Surveyor; and 2d. That the verdict is contrary to the evidence.

The Court charged the jury, that "if the evidence before you does not show that the boundary line between the lands of plaintiff and defendant was originally run and marked by the Surveyor, or if the evidence shows you that that line, if run and marked, cannot now be ascertained, then it will be your duty to find for the plaintiff;" which would establish the straight line as the true one. The evidence showed very few landmarks establishing the straight line, perhaps on account of the prairie and the farm, through which it passed; and the other line was so crooked, and there was so much said about paths through the bottom, that it was not rendered certain that this was a line run in making the survey. Under these circumstances the Court ought not to have charged the jury, that the line was run; and there is nothing in the charge to indicate his opinion, in the least degree, that the fact of running of the line was a doubtful, or that it was a leading matter of inquiry. Our statute requires that the Court shall not charge upon the weight of evidence, and hence it must be very careful what facts are taken for granted in the charge.

The evidence before the jury was conflicting, and although the preponderance may be in favor of appellant, the verdict cannot be disturbed. The charge was pointed and impartial, and so plainly expressed, that it could not be well misunderstood; and there is nothing in the case to show that the jury did not exercise their best judgment, without prejudice, upon a doubtful question. The preponderance of testimony against the verdict, if that fact can be admitted, is rather that of quantity than of weight; and not in a degree that would authorize this Court to adjudge it to be wrong. Judgment is affirmed.

Judgment affirmed.