JULIUS JOHNSON v. INTERNATIONAL & GREAT NORTHERN
RAILROAD COMPANY.

Decided June 13, 1900.

1.  Charge of Court—Undisputed Fact.

It is not error for the charge to submit to the jury a positive and undisputed fact, unless it be done in such manner as to mislead them and induce them to doubt the existence of such fact; and an objection of this character is obviated where, in a special charge given, such fact is treated as undisputed.

2.  Same—Request Necessary.

Where a party desires a fuller and more complete statement of the issues evolved from the pleading and evidence than is given in the general charge, he should request special charges covering the desired matter, or else the omission will not constitute reversible error.

3.  Same—Contributory Negligence.

Error in charging, in an action for personal injury, that plaintiff could recover if he "was not guilty of any negligence" is obviated where, in subsequent paragraphs of the charge, ordinary care and negligence are properly defined.

4.  Same—Special Exception Necessary.

An allegation in defendant's answer that plaintiff's injury "resulted from his own negligence," is sufficient, in the absence of special exceptions to the pleading taken below, to admit evidence of contributory negligence, and objection on that account can not be first raised on appeal.

APPEAL from Bexar.  Tried below before Hon. J. L. CAMP.

*J. A. Buckler,* for appellant.

*Denman, Franklin, Cobbs & McGown,* for appellee.

NEILL, ASSOCIATE JUSTICE.—This is the second appeal from a judgment in favor of the railroad company in a suit brought by appellant to recover damages incurred from personal injuries alleged to have been inflicted by the negligence of the appellee.  The opinion of this court, delivered on the first appeal, is reported in 54 Southwestern Reporter, 620, where will be found a full statement of the nature of the case, and renders it unnecessary for us to repeat it here.

From reading all the evidence in the case and a careful consideration of it, we have come to the conclusion that the facts clearly show that appellant's injuries were not caused from the negligence of the appellee, or any of its servants, and that the evidence fully sustains the verdict and judgment in its favor.

*Conclusions of Law.*—The first paragraph of the court's general charge is as follows:

"If you find from the evidence that the plaintiff was employed by defendant as a car-cleaner, and that on or about the 28th day of April, 1897, plaintiff was on one of the cars of defendant engaged at said time in the discharge of his usual and customary duties as such, and that while so engaged, an engineer in charge of one of defendant's

switch engines suddenly propelled said engine with great force against a car next to one upon which plaintiff was standing, and that in so doing he caused said car upon which plaintiff was standing to move with a sudden and unusual jerk, and that by reason of said sudden and unusual jerk of said car, should you find said car was so moved, plaintiff was thrown from the platform or steps of said car and thereby injured as alleged, and you further find that said engineer, in causing said car upon which plaintiff was standing to move with a sudden or unusual jerk, should you find from the evidence it was so moved, was guilty of negligence, and that such negligence, if any, was the proximate cause of plaintiff's injury, if any, and you further find that plaintiff was not guilty of any negligence which contributed to his injury, and if you further find that at the time the plaintiff herein made the settlement with defendant and signed the release in evidence before you, he was a minor under 21 years of age, then you will find for plaintiff."

It is assigned that it is erroneous, in (1) that it requires the jury to find that appellant was in appellee's employ as a car cleaner, and was on one of its cars discharging the duties of his employment when the accident occurred before he can recover, the undisputed evidence showing that such was his employment and he was performing his duties when injured; (2) that it mistakes the issues made by the pleadings and evidence; (3) that it bars appellant's recovery, unless the jury should believe he was not guilty of *any* negligence contributing to his injuries.

We will consider these objections in the order presented:

1. It is only when the jury may have possibly been misled and induced by a charge, which submits as an issue a positive and undisputed fact, to doubt the existence of such fact, that such a charge is ground for reversal. Thomas v. Ingram, 20 Texas, 727. Under the pleadings and the evidence in this case the jury could not possibly have been induced by the charge to doubt in the least that the appellant was employed by the appellee as a car-cleaner and injured while in pursuit of his employment. Besides, in a special charge given at the instance of appellee, the jury were in effect told that such was appellant's employment, and that the accident occurred while in pursuance of it.

2. The objection that the charge misstates the issues made by the pleadings and evidence is untenable. If the appellant desired a full and more complete statement of the issues evolved from the pleadings and evidence then made by the charge, it should have been requested.

3. The proposition in appellant's brief pertaining to the third objection to the charge is: "Contributory negligence that would have barred a recovery by the plaintiff was such negligence as amounts to an absence of ordinary care on the part of plaintiff." When the part of the charge to which the objection is made is read in the light of subsequent paragraphs, which define ordinary care and negligence, the objection is obviated.

The second paragraph of the court's general charge is as follows:

"2. If however you find that plaintiff attempted to step from a moving car, or to step upon a lower step, and that in so doing he was guilty of negligence, and that such negligence, if any, contributed to his injury, if any, then plaintiff can not recover and you should so find by your verdict." This is complained of upon the ground that it informed the jury that plaintiff could not recover if he was injured by attempting to step from a moving car, or to step upon a lower step, and if in so doing he was guilty of any negligence contributing to his injury, there being no plea of contributory negligence nor evidence upon which to base the charge. There is an averment in appellee's answer to the effect that appellant's injury "resulted from his own negligence." This averment is very broad, but it was not excepted to, and we do not think its defect in being too general can be taken advantage of for the first time on appeal. According to the statements of the appellant, which he would not deny that he made, testified to by a number of witnesses, as to how the accident happened, "he was standing on the car step, and thinking there was another step below him, went to step down and lost his balance and fell." This justified the charge complained of. If he made the statement, and it is a true account of the accident, it shows that his injury was not caused by the alleged negligence of appellee, but by his own fault.

Special charges numbers 3 and 4, given at appellee's request, are in our opinion warranted by the pleadings and evidence, and properly announce the law applicable thereto.

There is no error requiring a reversal of the judgment and it is affirmed.

*Affirmed.*