## WILHELMINE NAGLE ET AL. V. EMMA VON ROSENBERG ET AL.

### Decided April 21, 1909.

**1.—Executor—Legatee—Estoppel.**

When a legatee expressly consents that the executor might pay to a third party a certain sum of money out of the share of such legatee in the estate in accordance with an expressed wish or request of the testatrix, such legatee will not be heard to complain of the action of the executor in making such payment after it has been made.

**2.—Husband and Wife—Gift by Wife.**

A legatee, although a married woman, has the right to give a part of her legacy to a third party without the consent or joinder of her husband.

**3.—Executor—Trust Fund—Misfeasance.**

A testatrix provided in her will that the portion of the estate devised to one of the heirs should be managed, controlled, invested and reinvested by the three executors named, for the benefit of said heir; with the consent of the heir the executors divided her portion of the estate into three parts, each executor taking and managing one part. Held, although the separate management by the executors of the heir's portion was contrary to the provisions of the will, there being no evidence of turpitude on the part of the executors in such action, and the same having been assented to by the heir, such action was not cause for the removal of the executors upon complaint of the heir.

**4.—Same.**

A will provided that the executors should "invest and reinvest, sell and resell, loan and reloan, and manage and control the same (a certain fund) as to them may seem best, to the end that the same may be producing rents, interest, fruits, revenues and profits, etc." Held, that it was such mismanagement as would warrant the interposition of a court of equity for the executors to blend and lend the fund with money of their own, taking notes payable to themselves individually, or to lend the money to themselves, or to speculate with it by investing it in their own private business.

**5.—Costs and Attorney's Fee—Taxing Against Plaintiff.**

Where, in a suit for partition of land and for the removal of trustees of a fund in which plaintiff was interested, it appeared that plaintiff was entitled to partition and had just cause of complaint against the management of the trustees though not enough to require their removal, it was error to tax the costs of the suit and the fee of the defendant trustees' attorney, against the plaintiff.

Appeal from the District Court of Fayette County. Tried below before Hon. L. W. Moore.

*O. Dickens, D. W. Doom* and *D. H. Doom* for appellants.—The will having appointed executors to handle a trust fund and said executors having accepted and taken over said trust fund, they must properly administer said estate and carry out the provisions of the will according to law, and not divide the money or trust funds among themselves and mingle it with their own money and that of other people, or invest it in their own business or anything that comes along. Cavender v. Cavender, 114 U. S., 464, L. E., 29, p. 212; Gaston v. Hayden, 73 S. W. Rep., 938.

The executors accepting and acting under a will, and taking into their possession trust funds, must invest same under the terms of

said will, and not divide among themselves the trust funds and use them for their own benefit and thereby destroy the trust. When they do so they should be removed, and especially so when their conduct has produced ill feelings between them and the beneficiaries. Cavender v. Cavender, 114 U. S., 464, L. E. 29, p. 212; May v. May, 167 U. S., 310, L. E. 42, p. 179; Gaston v. Hayden, 73 S. W. Rep., 938.

The court erred in its fifth conclusion of law in holding that the defendants should be allowed the sum of two hundred ($200) dollars as reasonable attorney's fees for the services of the attorneys employed by them to prepare and present their defenses, because no such allowance was asked by defendants and because the findings of the court and the facts in evidence show that the said defendants who were trustees had violated their trust and ought to have been removed. Salado College v. Davis, 47 Texas, 131; Strauss v. Dundon, 27 S. W., 503.

*Brown & Lane,* for appellees.

McMEANS, ASSOCIATE JUSTICE.—This is a suit by appellants, Wilhelmine Nagle and her husband, Ernest Nagle, against Emma Von Rosenberg and her husband, Alexander Von Rosenberg, Louise Fricke and her husband, Fred Fricke, and Lena Kaiser and her husband, Christian Kaiser, for partition of certain real and personal property of which plaintiff, Wilhelmine Nagle, claims a one-fourth interest, and also to remove, as trustees, said Alexander Von Rosenberg, Fred Fricke and Christian Kaiser who were appointed trustees of the portion of Mrs. Nagle's estate left to her by the will of her mother, Mrs. Justine Weyand. The case was tried by the court without a jury, and judgment was rendered directing the partition of the real estate only and refusing to remove the trustees and appoint others, and taxed plaintiffs with all costs of suit up to and including entry of judgment, and $200 attorney's fees for defendants' attorneys, to be paid out of the trust estate. From this judgment the plaintiffs have appealed.

From the findings of facts of the trial court we make the following statement:

George Weyand and Justine Weyand were husband and wife and owned an estate in community. George Weyand died, leaving surviving him his widow, Justine, and four children, viz.: Wilhelmine Nagle the appellant, and the appellees, Emma Von Rosenberg, Louise Fricke and Lena Kaiser. George Weyand left a will which was duly probated, by which he devised all of his portion of the community property to his wife, Justine, for life, with the remainder to their children above named, to be divided equally between them. Before George Weyand's will was probated Justine Weyand divided all the community estate, except the two tracts of land which constituted the homestead and which tracts are involved in this suit, into two equal parts, one of which parts she kept, and gave the other to their four children above named, and this was divided equally between them and was received by them as all their father's part of the community estate except the two tracts of which the homestead consisted and upon

which Mrs. Weyand lived up to the time of her death, which occurred October 15, 1906. Mrs. Weyand left a will, which was probated over the protest of Mrs. Nagle, by which she devised to each of her three children, Emma Von Rosenberg, Louise Fricke and Lena Kaiser, one-fourth part of her estate, and the other one-fourth to Alexander Von Rosenberg, Fred Fricke, and Christian Kaiser "to be held in trust by them for my daughter, Wilhelmine Nagle, wife of Ernest Nagle, after all debts and charges against my estate have been paid . . . the said Fricke, Rosenberg and Kaiser, trustees as aforesaid, to receive and receipt for the share to which my daughter Wilhelmine Nagle would be entitled in the partition of my estate, to invest and re-invest, sell and re-sell, loan and re-loan, and manage and control same as to them may seem best, to the end that the same may be producing rents, interest, fruits, revenues and profits which they shall pay over to the said Wilhelmine Nagle upon her request at convenient and proper intervals and times, etc." The will also named the said Von Rosenberg, Fricke and Kaiser as independent executors without bond.

Mrs. Weyand left with her will two instruments or letters addressed to her children, requesting them to pay to each of her seventeen grandchildren and to one, Ernestine, a servant, the sum of $100. On the second day after her death her four daughters, including Mrs. Nagle and her three sons-in-law, Rosenberg, Fricke and Kaiser, the executors, met at Mrs. Weyand's house, having requested Ernst Nagle to meet with them, which he declined to do; and they then read Mrs. Weyand's will, together with the two written requests referred to, and each of the four daughters, including Mrs. Nagle, was asked by the executors whether or not she desired to respect the wishes of their mother as to the payment of $100 to Ernestine and to each of the seventeen grandchildren, and each assented without reservation, and in accordance with such assent the executors paid said sum to each of the persons entitled thereto, and after deducting this amount, the costs and other expenses and debts existing against the estate, the value of the remainder was $23,292.60, and this consisted largely in promissory notes of her three sons-in-law named as executors in the will; and a division of this was made by paying to Mrs. Von Rosenberg her share in the notes of her husband, and Mrs. Fricke and Mrs. Kaiser were paid their share in the notes of their husbands, and the remaining one-fourth belonging to Mrs. Nagle was divided into three equal parts, one of which was taken by each of the trustees, they agreeing to keep the same invested and to pay the interest to Mrs. Nagle as provided in the will, to which action of the trustees Mrs. Nagle assented. Each of the trustees has since kept the share of Mrs. Nagle allotted to him, and Von Rosenberg has loaned out the amount held by him, along with money of his own, in a perfectly safe land note, which was made payable to himself; Kaiser at one time used a small portion of the fund held by him in his private business, but the same has been refunded, and he has accounted for interest upon the sum turned over to him, and Fricke has invested a portion of the fund held by him in his own business. The trustees have regarded themselves jointly and severally responsible for the entire trust fund.

The court further found that ever since Mrs. Weyand's will was

probated appellants have been threatening legal proceedings to avoid the will and obtain possession of the fourth part of Mrs. Weyand's estate until this suit was filed; that in their original petition appellants claimed they were entitled to the fourth part and sought to recover same and a partition of same, and made no contention that the trust created by the will of Mrs. Weyand had not been properly administered until the filing of their amended petition on the day of trial; that defendants never opposed the right of Mrs. Nagle to have set aside to her one-eighth interest in the tracts of land constituting the homestead; that there is no ill-feeling or bitterness on the part of the executors and trustees toward the Nagles, but there is ill-feeling on the part of the last named toward the trustees growing out of their disappointment at the provisions of the will. The court further found that the trustees are honest and capable and that Mrs. Weyand's selection of them as such was and is judicious.

Upon these findings the court concluded: (1) That Mrs. Nagle owns an undivided one-eighth interest in the homestead tracts which she is entitled to have set apart to her; that Mrs. Von Rosenberg, Mrs. Fricke and Mrs. Kaiser each own a fourth interest therein, and that the remaining one-eighth should be set aside to the trustees and be held and managed by them in accordance with the provisions of Mrs. Weyand's will, and that commissioners of partition should be appointed. (2) That the plaintiffs are estopped and should not be permitted to contend that they should now recover any part of the $1,800 paid to Ernestine and the seventeen grand-children of Mrs. Weyand at their express requests. (3) That the estate has been properly administred by the executors, and the balance, after paying debts and expenses, has been properly distributed. (4) That no valid reason exists why the trustees should be removed and the trust estate placed in other hands; and (5), there being no necessity for the bringing of this suit the plaintiffs should pay court costs up to and including entry of judgment, and that defendants should be allowed the sum of $200, as reasonable attorney's fees for the services of the attorneys employed by them to prepare and present their defenses.

These conclusions and the judgment rendered thereon are attacked by a number of assignments of error, a discussion of which in detail, we think, would serve no useful purpose. The court's findings of facts are not assailed by any of the assignments.

It appearing that the land sought to be partitioned was the community property of George and Justine Weyand, the husband's half interest therein was subject to partition between his four children immediately upon the determination of the life estate of the wife, and the court correctly so held. The other half passed by the will of Justine Weyand, and Mrs. Nagle's interest passed to the trustees to be held and managed by them as provided in Mrs. Weyand's will. It was proper to not allow Mrs. Nagle to recover one-fourth of the $1800 paid by the executors to Ernestine and the seventeen grand-children. Mrs. Weyand requested in writing that this should be done, and Mrs. Nagle, without the consent of her husband, assented to this without reservation, and acting on her assent the money was paid by the executors. It was then too late for her to say, and she

will not now be heard to say, that the executors ought not to have done that which she approved of before and at the time it was done. In paying the money as they did, the executors committed no wrong against her. Being her separate personal estate she had the right to give it to the recipients if she so desired, and the payment to them being made with her express assent was equivalent to an executed gift directly by her. As said by our Supreme Court in Pitts v. Elsler, 87 Texas, 347, "It would be a novel case for a plaintiff to allege that defendant had done no wrong in the transaction, but that because she was not bound to carry out her agreement she was entitled to relief against her own deliberate act which was lawful in itself, or, if unlawful, would not put the defendant in the wrong." (Ballard v. Carmichael, 83 Texas, 364; San Antonio v. Grandjean, 91 Texas, 430; Wood v. Wheeler, 7 Texas, 13.)

Nor do we think that under the evidence we would be warranted in overturning the judgment of the court below in so far as the court refused to remove the trustees and appoint others in their stead. It is true that the trust fund should have been preserved intact; but the court found, and the finding is not questioned, that the separation of the fund into three different portions, one portion being taken by each of the trustees, was done by Mrs. Nagle's assent, hence she can not now complain that all the funds were so separated at that time. None of the acts of the trustees in respect of the trust fund appear to involve turpitude, and no such clear abuse of their duties as trustees was shown as would warrant this court, on the findings presented, in directing their removal and the appointment of others.

While we do not think, therefore, that there was error in refusing to remove the trustees, we think that the court below, as a court of equity, should have required the trustees to keep the trust fund together and preserve its identity as such. This was evidently the intention of the testator. As Mrs. Nagle consented to the division of the fund between the three trustees she can not complain that it was so divided. But while the court found that she assented to the division, he also found that the trustees, as a part of the same agreement, agreed to keep the fund invested "as provided in the will." The will provided that the trustees shall "invest and reinvest, sell and resell, loan and reloan, and manage and control the same as to them may seem best, to the end that the same may be producing rents, interest, fruits, revenues and profits, etc." While the character of the investment was left to the discretion of the trustees, no discretion was committed to them to treat the fund as any other than a trust fund, or to lend it with money of their own taking notes payable to either of them individually, to lend the money to themselves, or to speculate on it by investing it in their own private business. Their conduct in so handling the fund was not in accord with the agreement to keep the fund invested as provided in the will, to which Mrs. Nagle assented when she agreed to its division, and she was not therefore estopped to complain of its division nor of the manner in which the fund was being handled; and we think the court, under her prayer for general relief, might and should have required the trustees to handle and manage the fund in the future as a trust fund

upon the principles of equity which control the execution of such trusts. The fact that ill feeling existed on the part of the Nagles toward the trustees should have been an incentive to them to invest the fund in strict accordance with the provisions of the will rather than as affording an excuse for the handling of it in the manner it was done as shown by the findings of fact.

The court concluded as a matter of law that no necessity existed for Mrs. Nagle to bring this suit, and therefore allowed to the defendants $200 for attorney's fees and charged her with all costs incurred prior to and including the entry of judgment. This, we think, was clearly wrong. The manner in which the trust fund was being handled, as herein shown, was sufficient justification for appealing to a court of equity for protection. In addition to this, Mrs. Nagle owned an undivided interest in real estate devised to her by her father which the executors of Mrs. Weyand, the trustees, inventoried as a part of Mrs. Weyand's separate estate. If their claim was correct, Mrs. Nagle's interest passed to the trustees to be held by them unders the provisions of Mrs. Weyand's will. If Mrs. Nagle's contention was correct, she was entitled to have the land devised to her by her father set aside to her free from the control of the trustees. The court found that she was entitled to have partitioned to her one-eighth of the land, and also found that her claim to this portion was not denied by the executors. Her interest being undivided she had the right to resort to the statutory method of partition regardless of whether her claim was admitted or not, and having elected to so proceed the court should not have taxed her with the attorney's fees of the adversary parties, nor with the court costs prior to and including the entry of judgment.

So much of the judgment as decrees to Mrs. Nagle an undivided one-eighth interest in the homestead tracts and ordering partition of the same and refusing to remove the trustees and to allow recovery of the sum of money paid to Ernestine and the seventeen grandchildren of Mrs. Weyand, is affirmed, and the judgment is reversed as to so much thereof as taxes appellants with court costs and $200 attorney's fees, and the cause is remanded with instructions to the court below to tax all costs incurred, up to and including entry of judgment, against appellees, and to require the trustees to assemble the trust fund and to invest the same as required by the provisions of Mrs. Weyand's will.

*Affirmed in part, reversed and remanded in part.*