FT. WORTH & D. C. RY. CO. v. DREW.

(Court of Civil Appeals of Texas. Texarkana. Nov. 8, 1911. Rehearing Denied Nov. 16, 1911.)

CONSTITUTIONAL LAW (§ 245*)—MASTER AND SERVANT (§ 204*)—EQUAL PROTECTION OF LAWS—RAILROAD EMPLOYÉS — ASSUMPTION OF RISK.

Laws 1905, c. 163, rendering unavailable, under certain circumstances, the plea of assumption of risk, in an action against a person, corporation, or receiver operating a railroad or street railway, for death or injury of defendant's employé, does not deny the equal protection of the law; it applying to all of a class.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. § 702; Dec. Dig. § 245;* Master and Servant, Cent. Dig. §§ 544–546; Dec. Dig. § 204.*]

Error from District Court, Tarrant County; W. T. Simmons, Judge.

Action by Frank C. Drew against the Fort Worth & Denver City Railway Company. Judgment for plaintiff. Defendant brings error. Affirmed.

Spoonts, Thompson & Barwise and J. M. Chambers, for plaintiff in error. Smith, Turner, Bradley & Powell, for defendant in error.

WILLSON, C. J. The statement of the nature of the suit made by plaintiff in error in its brief is conceded by defendant in error to be correct. The statement is as follows: "The action is by appellee for personal injuries to him while in the employ of appellant, as a trucker, at its freighthouse in Ft. Worth, caused by a crated buggy falling from a truck upon him, while being hauled by him alone, transferring the buggy from the freighthouse to a car. Liability is sought to be fixed upon appellant by reason of alleged negligence in three particulars, to wit: First, in furnishing him a defective platform; second, in failing to warn him of the dangerous condition of the platform; and, third, in directing him to truck the vehicle across the platform in that condition, without assistance." The appeal is from a judgment in favor of defendant in error for the sum of $4,100.

Defendant in error contended that the platform on which he was pushing the truck at the time he was injured was defective, in that it had a hole in it; that a wheel of the truck, as he pushed it, went into the hole; that one side of the truck thereby was made lower than the other; and that, as a result, the crated buggy became unbalanced and fell from the truck on him. With reference to plaintiff in error's contention that defendant in error assumed the risk existing because of the hole, if there was one, in the platform, the court instructed the jury as follows: "(a) If you find that by reason of such hole, if any, said platform was not a reasonably safe place to work and was dangerous, but find that plaintiff knew of the same, or (b) if the same was open to the observation of an ordinarily prudent person situated as plaintiff was just before the accident occurred, (c) or if, prior to the injury, plaintiff in the course of his duty must necessarily have discovered the same or would have discovered same by use of ordinary care, then plaintiff will be deemed to have assumed the risk of such defect and danger, if any, and cannot recover. In this connection, you are further instructed that if the defendant railway company knew of the existence of such defect, if any, in the platform, or you find that an ordinarily prudent person would under the circumstances have continued in the service as plaintiff did, then plaintiff will not be held to have assumed the risk, and in that event you will find against defendant on this phase of the case." Plaintiff in error assigns as error the giving of the last sentence of the instruction set out; the contention being that the Act 1905, known as the "assumed risk law" (Acts 1905, p. 386), "if intended to apply," quoting from a proposition in the brief, "to the facts of a case like this, * * * is unconstitutional and in violation of the fourteenth amendment to the Constitution of the United States, in that it denies to railway companies, under the circumstances in question, the equal protection of the law." The instruction clearly was erroneous, unless justified by the statute referred to, which is as follows:

"That in any suit against a person, corporation or receiver operating a railroad or street railway for damages for the death or personal injury of an employé or servant, caused by the wrong or negligence of such person, corporation or receiver, that the plea of assumed risk of the deceased or injured employé where the ground of the plea is knowledge or means of knowledge of the defect and danger which caused the injury or death shall not be available in the following cases:

"First. Where such an employé had an opportunity before being injured or killed to inform the employer or a superior entrusted by the employer with the authority to remedy or cause to be remedied the defect, and does notify or cause to be notified the employer or superior thereof within a reasonable time, *provided* it shall not be necessary to give such information where the employer or such superior thereof already knows of the defect.

"Second. Where a person of ordinary care

would have continued in the service with the knowledge of the defect and danger and in such case it shall not be necessary that the servant or employé give notice of the defect as provided in subdivision 1 hereof."

The statute, 'it will be observed, by its terms applies in favor of the plaintiff in any suit against a person, corporation, or receiver operating a railroad or street railway for damages for the death of or personal injury to an employé of such person, corporation, or receiver, caused by the negligence of such person, corporation, or receiver, without reference to the nature of the service such employé may have been employed to render or may have been engaged in performing at the time he was killed or injured. Unlike the "fellow servants statute" (Acts 1897, p. 14), it does not require that the employé killed or injured should be killed or injured "while engaged in the work of operating the cars, locomotives or trains" on a railroad to make its provisions applicable. It is broad enough to cover defendant in error's case if it should be said that the service he was performing was not in the operation of the railroad, or even connected with or incidental to its operation. The provisions of the statute apply against all of a class—that is, persons, corporations, and receivers operating a railroad, in favor of all of a class—that is, the employés of such persons, corporations, and receivers. Plaintiff in error clearly was in the one class, and defendant in error was in the other. In Railway Co. v. Mackey, 127 U. S. 209, 8 Sup. Ct. 1161, 32 L. Ed. 107, the Supreme Court of the United States, in disposing of a similar objection made to the statute there involved, said that "when legislation applies to particular bodies or associations, imposing upon them additional liabilities, it is not open to the objection that it denies to them equal protection of the laws, if all persons brought under its influence are treated alike under the same conditions." And see Railway Co. v. Richardson, 125 S. W. 624; Railway Co. v. Paul, 173 U. S. 404, 19 Sup. Ct. 419, 43 L. Ed. 746; Railway Co. v. Castle, 172 Fed. 843, 97 C. C. A. 124; Railway Co. v. Melton, 127 Ky. 276, 105 S. W. 368, 110 S. W. 233, 112 S. W. 618; Simmons v. Tel. Co., 63 S. C. 425, 41 S. E. 521, 57 L. R. A. 609; Railway Co. v. Bailey, 53 Tex. Civ. App. 295, 115 S. W. 607. The statute under consideration in the Mackey Case created as against railroad companies a liability they had not before been subject to, and which other employers of labor were not made subject to. If in that case the Legislature had power, notwithstanding the guaranty in the fourteenth amendment to the federal Constitution to create as against a class of employers a liability other employers were left exempt from, certainly the Legislature in this case had power to relieve a class of employés

of a bar before existing which prevented a recovery by them when injured by negligence on the part of their employers. The contention disposed of is presented by the second assignment. The overruling of that assignment disposes of most of the others presented in the brief. Those not so disposed of are overruled, as we think they are without merit when considered in connection with the record.

The judgment is affirmed.