## MARSHALL & E. T. RY. CO. v. BLACKBURN.

(Court of Civil Appeals of Texas. Texarkana. March 21, 1913. Rehearing Denied April 3, 1913.)

1. APPEAL AND ERROR (§ 544*)—BILL OF EXCEPTIONS—RULE OF COURT.

Under rule 70 for county and district courts (142 S. W. xxii), providing that rulings on a motion for a continuance shall be considered as acquiesced in unless presented in a bill of exceptions, the action of the lower court in overruling a motion for a continuance not so presented will not be reviewed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2412–2415, 2417–2420, 2422–2426, 2428, 2478, 2479; Dec. Dig. § 544.*]

2. APPEAL AND ERROR (§ 1050*)—MATERIALITY —METHOD OF WORK.

Where a witness for plaintiff had testified that in his opinion the only safe and proper way to have dug a ditch through an embankment was to have shored up the banks with timber, the admission of his answer to the effect that he would have done it in that way was immaterial.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1068, 1069, 4153, 4157, 4166; Dec. Dig. § 1050.*]

3. APPEAL AND ERROR (§ 1170*)—REVIEW— HARMLESS ERROR—RULE OF COURT.

Error in overruling an objection to immaterial evidence as to the method of doing work was harmless, in view of rule 62a for Courts of Civil Appeals (149 S. W. x) prohibiting a reversal unless the error was reasonably calculated to cause an improper judgment.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4032, 4066, 4075, 4098 4101, 4454, 4540–4545; Dec. Dig. § 1170.*]

4. EVIDENCE (§ 471*).—ACTION FOR INJURIES —ADMISSIBILITY OF EVIDENCE—PERSON IN CHARGE OF WORK.

In a servant's action for personal injuries, testimony that the work at which he was engaged was under the direction of one Y., defendant's bridge foreman, was admissible.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2149–2185; Dec. Dig. § 471.*]

5. APPEAL AND ERROR (§ 1051*)—HARMLESS ERROR—ADMISSION OF EVIDENCE.

Error, in the admission of evidence that the work in which a servant was engaged was under the direction of defendant's bridge foreman, was harmless where other witnesses for plaintiff, without objection, testified to the same effect, and defendant itself proved the same fact.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4161–4170; Dec. Dig. § 1051.*]

6. APPEAL AND ERROR (§ 1050*)—HARMLESS ERROR—ADMISSION OF EVIDENCE.

In a servant's action for injuries, evidence as to what tools plaintiff had to do the work with, if immaterial, was harmless.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1068, 1069, 4153–4157, 4166; Dec. Dig. § 1050.*]

7. MASTER AND SERVANT (§ 204*)—ASSUMPTION OF RISK—CONSTITUTIONALITY OF STATUTE.

Acts 29th Leg. c. 163, rendering the plea of assumption of risk unavailable under certain circumstances, in an action against a railroad corporation for injuries to an employé, is constitutional.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 544–546; Dec. Dig. § 204.*]

8. MASTER AND SERVANT (§ 204*)—MASTER'S LIABILITY—ASSUMPTION OF RISK.

Under the express provision of Rev. Civ. St. 1911, art. 6645, the plea of assumed risk is not available on the ground of the servant's knowledge, or means of knowledge, of the defect or danger, where the master knew of such defect.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 544–546; Dec. Dig. § 204.*]

9. TRIAL (§ 252*)—INSTRUCTIONS—APPLICATION TO EVIDENCE.

Requested instructions upon contributory negligence were properly refused where no question of contributory negligence was made by the testimony.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 505, 596–612; Dec. Dig. § 252.*]

10. TRIAL (§ 253*) — INSTRUCTIONS — WITHDRAWING ISSUE—ACTION FOR INJURIES.

An instruction in a servant's action for injuries that if the walls of the excavation were not shored up, and if an ordinarily prudent person would not have left them unshored, that if such condition of the walls rendered the place where plaintiff worked not reasonably safe for work, and if a reasonably prudent person would have foreseen that the walls were likely to cave and injure him, and that if plaintiff was directed to work there and was injured as a proximate consequence of the walls falling, he could recover unless he assumed the risk, was not objectionable on the ground that

it took from the jury the question of negligence by grouping certain facts and directing a finding for plaintiff if those facts were true.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 613–623; Dec. Dig. § 253.*]

11. APPEAL AND ERROR (§ 1062*)—HARMLESS ERROR — INSTRUCTIONS — SUBMITTING ISSUE ON UNDISPUTED FACTS.

Where the testimony was undisputed that the walls of an excavation in which plaintiff was working had not been propped or otherwise secured, the submission of the issue whether they had been propped or not was harmless.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4212–4218; Dec. Dig. § 1062.*]

Appeal from District Court, Upshur County; R. W. Simpson, Judge.

Action by W. J. Blackburn against the Marshall & East Texas Railway Company. Judgment for plaintiff, and defendant appeals. Affirmed.

It became necessary to remove and replace with another one a culvert under an embankment forming a part of appellant's line of railway near Rosewood. Appellee and others, in appellant's employ as section men, were detailed to do the work under the direction of one Yancey, appellant's bridge foreman. The embankment was 10 or 12 feet high. To reach the culvert for the purpose of removing it, an excavation was made across the embankment from the top thereof to the culvert at the bottom thereof. According to testimony for appellee, the excavation was made by digging straight down through the embankment; while according to testimony for appellant, it was so made as to be wider at the top than at the bottom. It was not disputed that the walls of the excavation were not in any way secured against caving in. At the bottom of the culvert, and forming a part of it, were pieces of timber called "mud sills." For the purpose of removing one of these sills, either wholly or in part, two of the section men sawed into same with a crosscut saw. The timber "pinched" the saw so it could not be operated. Appellee thereupon took an axe, and, by chopping the sill, undertook to release the saw. While he was engaged in this service, one of the walls of the excavation caved in upon him, causing serious and permanent injury to his person. Whether appellee used the axe as he did in the effort to release the saw, in compliance with the command of Yancey to do so, or of his own volition and without such command, was a controverted question in the case. There was testimony to support a finding either way. On the ground that appellant was guilty of negligence in failing to so secure the walls of the excavation as to prevent same from caving in, and in directing him to do the work he was engaged in doing at the time he was injured, appellee sought and recovered the judgment for $7,500, from

which this appeal is prosecuted. Appellant claimed it was not liable because the risk appellee incurred in doing the work was one he had assumed, and because in undertaking to do it as he did he was guilty of contributory negligence. The court below was of the opinion the testimony did not make an issue as to contributory negligence on the part of appellee. On the issue of "assumed risk," the court instructed the jury as follows:

"An employé assumes the risk of injury which is ordinarily incident to the services in which he is engaged; and, for injury sustained by an employé from a risk ordinarily incident to his services, the employer is not liable.

"By the expression 'risk ordinarily incident to the service' is not meant risks which arise out of the negligence of the employer; such being expressly excluded.

"An employé is sometimes held to assume a risk which arises out of the negligence of the employer, as where the same is obvious or known to him, or would be known to him by the (exercise of) ordinary care in the discharge of his duty.

"However, since the passage of the act of 1905, known as the 'Assumed Risk Law' [Acts 29th Leg. c. 163], an employé in a suit against a railway company operating a railway, for damages for personal injury caused by the negligence of such railway, does not assume the risk of injury from defects and dangers known to him, or of which he has the means of knowledge, in the following cases: First, where the railway's employés, superintending the work in which the employé was engaged when injured, knew of the defect, if any, before the injury; second, where a person of ordinary care would have continued in the service with the knowledge of the defect and danger.

" * * * Upon the issues of assumed risk, you are instructed that defendant was not an insurer of the safety of plaintiff while engaged in the work of removing the culvert, but did owe him the duty of using ordinary care to so make the excavation and protect the walls as to render the place reasonably safe for the performance of the services to be performed by him.

"Again, if the dirt caving in on plaintiff was a risk ordinarily incident to the service in which he was engaged, and did not arise from some negligence of defendant's servant Yancey, in the manner in which the walls of the excavation were left, you will find for defendant. Or, should you find that Yancey was negligent in not protecting the walls to prevent them caving, yet if you shall find that the plaintiff knew of such defect, if any, and the danger incident thereto, or if, by that circumspection in the performace of his labor used by an ordinarily prudent and cautious person under the same or similar circumstances, he would have discovered the de-

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

fect, if any, and danger, if any, and that a person of ordinary care would not have continued in the work of removing the culvert, you will find for the defendant.

"If you shall find that the defendant, through its servant Yancey, was negligent in the way the wall was left, and knew that same, as left, was defective and likely to cave, or if you shall find that a person of ordinary care would have continued in the work of removing the culvert as plaintiff did, then under the act of the Legislature of 1905, above referred to, he did not assume the risk of injury from the defective condition of the wall (if you have found it defective), or if you shall find that plaintiff did not know of the defective way in which the wall was left, if you have found it defective, and did not know of the danger incident thereto, then he did not assume the risk of injury incident to the same caving in."

The verdict of the jury involves findings, which we approve as supported by testimony: (1) That the risk appellee incurred in undertaking to chop the sill was not a risk he assumed; (2) that appellant was guilty of negligence as claimed by appellee, which proximately caused the injury he suffered; and (3) that appellee was entitled to recover of appellant, as compensation for that injury, the sum of $7,500.

Warren & Briggs and C. E. Florence, all of Gilmer, for appellant. S. P. Jones and J. H. T. Bibb, both of Marshall, and M. B. Briggs, of Gilmer, for appellee.

WILLSON, C. J. (after stating the facts as above). [1] The suit was commenced by a petition filed in August, 1910, and continued from term to term until the June term, 1912, of the court, when appellant's third application for a continuance was overruled. The action of the court in this respect, made the basis of the first assignment of error, will not be reviewed because not presented in a bill of exceptions as required by rule 70 for the government of county and district courts (142 S. W. xxii). Trabue v. Cook, 124 S. W. 456.

[2, 3] Appellee's witness, Reynolds, qualified and testified (by deposition) as an expert in the line of work appellee was engaged in at the time he was injured. One of the interrogatories propounded to Reynolds was as follows: "Please explain fully and in detail what method you would follow in digging, or causing to be dug, a ditch or trench in earth that has been filled into a dump such as described, within 10 years, and where the culvert had to be removed as indicated by digging a ditch 12 to 14 feet deep?" The answer of the witness was as follows: "The method that I would have followed in removing this culvert would have been to have shored up the banks on each side of the ditch, and I would have braced it with timbers extending from bank to bank, and in my opinion that is the only way the work could have been safely done without danger to the men working in removing the culvert and for the safety of the traffic of the road." The interrogatory and the answer were objected to on the ground that it was immaterial what method the witness would have pursued in removing the culvert, and the last clause of the answer was further objected to on the ground that it was not responsive to the interrogatory. We think the objection should have been sustained and the answer excluded; but we do not think the judgment should be reversed because the court admitted the answer in evidence. The witness was familiar with the character of the earth which formed the embankment, and without objection had already testified as follows: "In my opinion, having knowledge of the condition of the soil at Rosewood, the only safe and proper way to have been pursued in digging this ditch and removing the old culvert and replacing it with a new culvert is that it would have been necessary to have shored up the banks with timber reaching from bank to bank." The effect of admitting the answer objected to merely was to permit the witness to say he would have done the work in the way he had described, without objection, as the "only safe and proper way" to do it. The error of the court in overruling the objections and admitting the testimony should, we think, be treated as harmless, and especially so in view of rule 62a adopted by the Supreme Court October 30, 1912, for the government of Courts of Civil Appeals (149 S. W. x).

[4, 5] Complaint is made of the action of the court in permitting the witness Thompson to testify as follows: "Mr. Blackburn, with the rest of us, was removing the old culvert so as to put in a new one at that place. Work was being done at the time under the direction of Tom Yancey, bridge foreman." The ground of the objection to the testimony was that "it stated in a general way that the work was under the direction of Yancey, without stating what instructions were given, and was a conclusion of the witness." We think the testimony was admissible, but, if we thought otherwise, would be of the opinion its admission was not a reason for reversing the judgment, because other witnesses for appellee, without objection on the part of appellant, testified to the same effect, and appellant itself proved the same fact by its witnesses Yancey and Simmons. Yancey testified, "I was directing that work, and was there on the side of the dump when the dirt fell in;" and Simmons testified, "Yancey had the work in charge." Railway Co. v. Norton, 55 Tex. Civ. App. 478, 119 S. W. 706; Railway Co. v. Hughes, 73 S. W. 977; Railway Co. v. Huffman, 32 S. W. 30; Birkman v. Fahrenthold, 52 Tex. Civ. App. 335, 114 S.

W. 431; McCormick v. Bank, 106 S. W. 750. What has been said with reference to the part set out above of the testimony of the witness Thompson applies as well to that part of his testimony covered by appellant's bill of exceptions No. 10. The testimony of the witness Loyless, not objected to, was substantially the same as that objected to given by the witness Thompson.

[6] There is no merit in the contention presented by the second assignment that the court erred in permitting the witness Will McKnight, in reply to the question, "What kind of tools did the men have there to do the work with?" to say, "They had an axe and a crosscut saw that had a very short handle, some picks and strike mauls, and some shovels." If the testimony was immaterial, as is contended, the judgment should not for that reason alone be reversed.

[7] It is insisted that the charge on "assumed risk," set out in the statement, was so materially erroneous as to require a reversal of the judgment. The objection first urged is that the act of 1905 mentioned in the charge, if applicable to the facts of this case, is, so far as it is applicable thereto, void, because inhibited by both the federal and state Constitutions. A similar contention, made in Railway Co. v. Drew, 140 S. W. 810, was overruled by this court. As the disposition of that appeal was made to turn on the determination of that question, the refusal by the Supreme Court of the application made for a writ of error must be regarded as an approval by that court of the conclusion then reached by this court. And see Railway Co. v. Foth, 101 Tex. 133, 100 S. W. 171, 105 S. W. 322, and Railway Co. v. Bailey, 53 Tex. Civ. App. 295, 115 S. W. 601. In both the Foth and the Bailey Cases the statute was held to be constitutional. In the Bailey Case a writ of error was refused by the Supreme Court. In the Foth Case a writ was granted, but on another ground, and the Supreme Court, in granting the writ, stated they agreed with the Court of Civil Appeals that the statute is not unconstitutional.

[8] It is next insisted that the portion of said charge as follows is erroneous: "Or if you shall find that the plaintiff did not know the defective way in which the wall was left, if you have found it defective, and did not know of the danger incident thereto, then he did not assume the risk of injury incident to the same caving in." The vice assumed to exist in this portion of the charge is the failure of the court to tell the jury that, although appellee did not know of the danger he incurred from "the defective way in which the wall was left," he nevertheless should be held to have assumed the risk if he would have discovered the danger had he exercised "ordinary prudence and circumspection in the work he was engaged in." As we understand the statute (article 6645, Rev.

Stat. 1911), the plea of assumed risk is not available on the ground of knowledge, or means of knowledge, by the employé of the defect or danger, where the employer, or his foreman, knows of the defect. It was not disputed that Yancey, the foreman, was present and knew at least as much as appellee did about the danger to be incurred in attempting to do the work appellee was doing in the ditch when a wall thereof caved in on him. For the reasons suggested, the sixth, seventh, eighth, and tenth assignments, presenting contentions with reference to the issue of assumed risk, are overruled.

[9] The court refused to give to the jury a special charge instructing them to find for appellant, notwithstanding they might believe it had been guilty of negligence, if they also believed that appellee, "without any previous instructions from the foreman in charge of said work, took an axe and began chopping on the mud sills in the excavation that had been made and in which he was working, and that as a proximate result of the chopping with said axe on the mud sills, if he did so, the wall of the excavation caved in and fell upon plaintiff and injured him, and you should further find that it was negligence upon the plaintiff's part to chop upon said mud sill with an axe, if he did so." It is a sufficient answer to the complaint based on the action of the court in refusing the charge, and also to the complaint based on the failure of the court to submit to the jury an issue as to negligence on the part of appellee, to say that a question as to contributory negligence was not made by the testimony. Therefore the twelfth, thirteenth, fourteenth, and fifteenth assignments are overruled.

[10, 11] The court instructed the jury as follows: "If you shall find from a preponderance of the evidence that, in making the excavation for the purpose of removing the old drain box, the walls of the excavation were not propped or shored up to keep the same from falling; and if an ordinarily prudent and cautious person, under the same or similar circumstances, would not have left the walls of the excavation so unpropped, and if you further find that such unpropped condition of the walls of the excavation rendered the place where plaintiff's duty required him to work not reasonably safe for the performance of the labor to be performed by him, and if a reasonably prudent and cautious person would have reasonably foreseen that leaving the walls unpropped rendered the place where plaintiff's duty required him to work not reasonably safe for the performance of his work in an ordinary, usual, and prudent manner, and that the walls would likely cave and injure some employé engaged in removing the old culvert, then if you find that plaintiff was directed by Yancey to perform the work in which he was engaged when the dirt fell on him, or if it became

his duty (in the employment in which he was engaged) to perform the work in which he was engaged when the dirt fell on him, and if you find that the dirt so fell on plaintiff as the direct and proximate result of the walls being unpropped, and injured him, you will find for plaintiff, unless you find that he assumed the risk, under instructions hereinafter given to you in charge." The instruction is attacked as erroneous on the ground that "it takes from the jury," quoting from the brief, "the question of negligence, by grouping certain facts and telling them, if such facts are true, to find for plaintiff." To our minds the instruction plainly is not subject to criticism on the ground stated. Its effect was to tell the jury, if appellant failed to use ordinary care, to make a ditch a reasonably safe place in which to do the work it directed him to do; and if, as a proximate result of its negligence in that respect, appellee was injured, it was liable to him, unless he had assumed the risk incurred in doing the work. The instruction is further objected to because it submitted to the jury, as an issue to be determined by them, a question as to whether the walls of the excavation had been propped or not. It is said this was error, because the testimony was undisputed that the walls had not been propped or otherwise secured. Conceding the instruction in this respect to have been erroneous, the error was harmless and is not a reason why the judgment should be reversed. Railway Co. v. Scholz, 44 S. W. 560; Johnson v. Railway Co., 24 Tex. Civ. App. 148, 57 S. W. 869. Therefore the ninth and eleventh assignments are overruled.

Finally, it is insisted that the verdict and judgment are excessive. If the injury suffered by appellee is of the character indicated by the testimony admitted in his behalf, the verdict clearly is not excessive. That it was of that character was determined by the jury. No reason why their finding should be set aside is suggested by anything we have found in the record.

The judgment is affirmed.