The Rio Grande Railroad Co. v. William Scanlan, Sheriff, &c.

1. Practice in Supreme Court.—In absence of an assignment of errors, only such errors as go to the foundation of the action will be noticed on appeal.
2. Injunction restraining collection of taxes.—A petition to enjoin the collection of a tax because of unlawful and excessive assessment should show that the petitioner had used every mode provided by the law for his relief, and should allege readiness to pay the tax admitted to be due.
3. Damages in dissolution of injunction.—It is proper to render judgment for ten per cent. damages on the dissolution of an injunction restraining the collection of a tax.

Appeal from Cameron. Tried below before the Hon. W. H. Russell.

The facts appear in the opinion.

*E. J. Davis*, for appellant.

Moore, Associate Justice.—This suit was brought by appellant against appellee as sheriff of Cameron county, to enjoin him from collecting the amount for which appellant had been assessed for taxes for the year 1873, upon the ground that said tax had not been legally assessed, and was grossly in excess of the amount for which appellant was justly and legally liable to be assessed.

There is no assignment of errors in the record, and only such objections can be considered as go to the foundation of the action, and from which it plainly appears that the judgment is obviously erroneous. We will merely, therefore, briefly consider the objections made to the judgment, which counsel for appellant insists are of this character.

The petition was filed in the District Court on the 13th of July, 1873. But it is not shown at what time the assessment complained of was made. It is not stated whether it was made before or after the passage of the act to regulate the assessment and collection of taxes, approved May 31, 1873, (General Law 13th Leg., 1873, p. 124,) though from the averments of the petition and the action of the assessor, of which complaint is made, it is inferable that the assessment was made prior to the passage of this act. If so, the assessment was in no way affected by it. (See section 35.) And it cannot be said, as urged by appellant's counsel, that it appears from the petition that the tax demanded by appellee was illegal and unauthorized because it had not been assessed by this act.

An examination of this act shows that it was not intended to regulate the assessment of taxes of railroads and telegraph companies for the year 1873. Suitable forms and blanks were to be furnished by the comptroller to said companies, and lists of the property of said companies were to be re-

turned to the proper justice of the peace on or before the first day of March of each and every year. (See section 21, clause 2.)

But if the law was in force, and appellant's property was being assessed under it, from the petition it does not appear that the appellant had taken the proper steps to secure a correction of the assessment if it was erroneous or excessive, or had placed itself in a proper attitude to ask the interposition of a court of equity for relief, if it was in danger of suffering injury therefrom.

Although the tax may have been illegally assessed and the action of the sheriff in collecting it unauthorized, it does not follow that a court of equity will in all instances interpose to stay his action. A party asking for this extraordinary relief must have used all proper means to obviate the necessity of appealing to the court, and must not himself be in default.

Nor has appellant any better claim to equitable relief if the assessment was made under the previous law than if it was under the act of May 31, 1873. For if the sufficiency of the petition is tested by reference to the former law we find that appellant seeks to enjoin the collection of the tax assessed by the justice of the peace merely upon the failure of the arbitrators chosen by appellant and said officer to value the property to be assessed, or if they disagreed as to its value, to select a third arbitrator, without its being made to appear that appellant unsuccessfully sought to induce the arbitrators to perform the duty for which they were chosen, and without endeavoring to correct the assessment by an appeal to the County Court from the order of the justice of the peace fixing the assessment against appellant on his rolls, without said arbitrators having decided upon the value of the property. Nor does appellant show that it has paid or proffered to pay the taxes conceded by the tax list rendered by it to be due on the property. (Paschal's Dig., art. 7669.)

It is also insisted that the court erred in rendering judgment for ten per cent. on the amount of said taxes as damages on the dissolution of the injunction. The action of the court in this particular seems to be in strict accordance with and clearly authorized by statute. The assessment roll authorized the sheriff to collect from appellant· the amount assessed against it. The suit was to enjoin the collection of money. Where this is the case it is the duty of the court, if satisfied the injunction was obtained for delay, to assess damages at ten per cent. on the amount, exclusive of costs, relieved by the dissolution of the injunction. (Paschal's Dig., art. 3935.)

But if it was conceded that it was error to assess damages against appellant on the dissolution of the injunction, it could not be said that this is an error which goes to the foundation of the action, and as there is no assignment of errors in the record, it would not warrant a reversal of the judgment.

AFFIRMED.