## SARAH E. SEARCY ET AL. v. GEO. W. GRANT.

### Decided October 29, 1896.

1. **Jurisdiction of the Supreme Court—Error in Law.**

    The Court of Civil Appeals, under articles 1014 and 1018, Revised Civil Statutes, can not take cognizance of an error not assigned, unless it be an error of law apparent upon the record, and when it reverses the judgment of a District Court for an error in matter of fact not covered by appellant's assignments, its action in so doing is error in law which the Supreme Court will revise. (P. 101.)

2. **Same—Fact Case.**

    In a suit for the recovery of land by the heir of the former owner, against one claiming under the grantee named in a deed made by his administrator without sale or order of court authorizing it, but which recited that decedent had formerly sold the land and given bond for title, the District Court held that such deed conveyed no title and gave judgment for the plaintiff; and defendant appealing, assigned as error this ruling on the effect of the deed. This and other assignments the Court of Civil Appeals did not sustain, but found as matter of fact from all the evidence that there was such a sale and bond as was recited in the administrator's deed and for this reason reversed and rendered judgment for appellant. Held, that, as there was no assignment complaining of the failure of the District Court to find from the evidence that there had been such sale and bond by plaintiff's ancestor, and the Court of Civil Appeals could not consider error in matter of fact not assigned, such ruling was erroneous and their judgment should be reversed, and that of the District Court affirmed. (Pp. 98 to 103.)

ERROR to Court of Civil Appeals for First District, in an appeal from Walker County.

The suit was trespass to try title brought by Sarah E. Searcy, only child and heir of J. J. Crowson, former owner of the land, against Geo. W.

Grant, who claimed it by mesne conveyances under Nancy Denman, to whom it had been conveyed by Crowson's administrator. The District Court gave judgment for plaintiff, but on appeal this was reversed and judgment rendered for defendant, which was the judgment brought up by this writ of error.

*M. Y. Randolph* and *McKinney & Hill*, for plaintiff in error.—That John J. Crowson, the original grantee of the premises in controversy, in this case, had executed in his lifetime a bond for title to Wright Edmundson, was not alleged in the answer of the defendant in error, Grant, in the trial court, or in any manner relied upon by him as a defense to the cause of action of the plaintiffs in error, in said court, is manifest from the pleadings contained in the record. Grant having pleaded his title specially in the trial court is confined in his evidence to the title so pleaded. Railway v. Whitaker, 68 Texas, 633.

If the conclusion of fact found by the Court of Civil Appeals was sustained by the evidence in this case and in consequence thereof the judgment of the trial court was erroneous, the alleged error was waived by the appellant Grant in not having specifically set forth said error, either in his assignments of error or brief, and there was error of law on the part of said Court of Civil Appeals in the conclusion of fact so found by them and in the judgment of said court in favor of said appellant Grant based on said finding of fact. Rev. Stats. 1895, art. 1018.

*S. M. Randolph*, for defendant in error.—Appellant Grant's third assignment of error raised said question of the error of the trial court, was copied in appellant's brief and contained appropriate statement thereunder as follows: "The court erred in finding as a matter of law that the deed from William S. Crowson and Wright Edmundson, of date 29th day of March, 1847, passed no title to Nancy Denman; because said deed recited that John J. Crowson had in his lifetime sold said land and given his bond for a title to the same. Clay v. Clay's Heirs, 35 Texas, 509; McCreery v. Forton, 35 Texas, 642; Gainer v. Cotton, 49 Texas, 101; Primer v. Barton, 18 Texas, 206; Burke v. Turner, 15 S. W. Rep., 256."

Appellant Grant pleaded "not guilty; general denial," and the statute of limitation of three, five and ten years (statement of the nature and result of the suit in appellant's brief), and did not plead his title specially, but only set up the deed from Edmonson and Crowson to Nancy Denman as an estoppel. Sayers v. Texas Land & Mort. Co., 78 Texas, 244.

BROWN, ASSOCIATE JUSTICE.—Sarah E. Searcy and her husband brought an action of trespass to try title to 320 acres of land in Walker County, patented to John J. Crowson, against George W. Grant. Grant filed a general demurrer to the plaintiff's petition and especially set up that he purchased the land in dispute from J. C. and S. R. Smith, who acquired the same from Nancy Denman, who, it was alleged, acquired the title to said land through a deed made by Wright Edmundson and Wm. S.

Crowson, administrator of the estate of J. J. Crowson, deceased. The date of the execution and recording of each one of the instruments of conveyance is specially alleged. In regard to the deed from Edmundson and Crowson to Nancy Denman, it is also alleged that Wm. S.Crowson stated therein that J. J. Crowson in his life time sold the land and gave his bond for title, which statement it is alleged operated as an estoppel upon the plaintiff. Following this special plea is a general denial and a plea of not guilty, with special pleas of statutes of limitation, not necessary to state more particularly. The facts as found by the Court of Civil Appeals are, that the land was patented to John J. Crowson in the year 1846, after which, about October 22nd, J. J. Crowson intermarried with one Martha Lindley. Some time early in 1847 John J. Crowson died. After his death the plaintiff was born, which, in the natural course of things, must have been not earlier than the 22nd of July, 1847. The land was the separate property of John J. Crowson, and the plaintiff, Sarah E. Searcy, was his only heir. She married A. J. Searcy in the year 1866.

William S. Crowson, a brother of John J. Crowson, was appointed administrator of the estate of the deceased on March 29th, 1847, and qualified on the same day. He afterwards filed an inventory and appraisement of property of the estate, which did not show any real estate. There was no order of sale of the land in controversy introduced in evidence. On the 29th day of March, 1847, the day on which William S. Crowson qualified as administrator, Wright Edmundson and Wm. S. Crowson made a deed to the land in controversy to Nancy Denman, which contained the following recital: "I, Wm. S. Crowson, administrator of the estate of John J. Crowson, deceased, and the before described land being the headright of said John J. Crowson, do hereby sanction the above conveyance and fully join in the same, as the deceased had in his life time sold said land and executed his bond for title to the same." It was acknowledged on the day of its execution, filed for record October 19th, 1860, recorded on the 23rd day of that month. On the —— day of December, 1858, Nancy Denman, by warranty deed, conveyed the land to J. C. and S. R. Smith, which deed was attached to the deed made by Edmundson and Crowson to Nancy Denman, and recorded with it. On March 29th, 1869, J. C. and S. R. Smith executed a bond for title to George W. Grant and afterwards, on the first day of March, 1875, made a deed to the land to Grant, which was recorded June 10th, '75.

In 1849 the land had some improvements on it and was known as the Denman Place. It was occupied that year, but there was no proof of any occupancy after that until the year 1874. During the year 1869 Grant sold 45 acres of it to one Lewis, who occupied the part bought by him until 1879, when he reconveyed it to Grant. In 1880 Grant put a tenant on the land, who occupied it after that up to the time of the trial, with the exception of two intervals of about two years each. Grant paid all taxes on the land after he bought it in 1869. Sarah E. Searcy was born

in Montgomery County, near the Walker County line, and has resided ever since in Montgomery and Madison Counties.    She married in Madison County in the year 1866.    The record is silent as to whether she ever paid any taxes on the land or ever made any claim thereto.

The case was tried in the District Court without a jury.    The District Court gave judgment in favor of Mrs. Searcy for the land, which, upon appeal to the Court of Civil Appeals, was reversed and rendered in favor of Grant.

The Court of Civil Appeals found as a fact that J. J. Crowson in his life time executed a bond for title to the land in controversy and that Grant has an absolute title to the land.

The plaintiff in error objects to the judgment of the Court of Civil Appeals, based upon the finding that the bond for title had been executed upon the following grounds:

First: Because the defendant in the court below pleaded his title specially and did not set up nor claim in his pleadings that J. J. Crowson, the grantee, ever made a title bond for the land to Wright Edmundson or anyone else, and therefore there was no pleading on the part of the defendant to admit of such conclusion from the proof;

Second: Because the conclusion of the court to the effect that John J. Crowson executed in his life time a bond for title for the land to Wright Edmundson is contrary to the evidence;

Third: Because, if the trial court committed error in failing to find that a bond for title had been executed by the grantee, J. J. Crowson, such error was not assigned nor presented by the appellant in the Court of Civil Appeals.

The defendant in error relies upon the third assignment presented by him to the Court of Civil Appeals to sustain the ruling of the court, which assignment is as follows:    "The court erred in finding as matter of law that the deed from Wm. S. Crowson and Wright Edmundson, of date the 29th day of March, 1847, passed no title from them to Nancy Denman, because said deed recited that J. J. Crowson had in his life time sold said land and given his bond for title to same."

Article 1014 of the Revised Civil Statutes contains this language:    "In all cases of appeal or writ of error to the Courts of Civil Appeals the trial shall be on a statement of facts or agreed statement of the pleadings and proof as agreed upon by the parties or their attorneys or the conclusions of law and fact, as the case may be, certified to by the judge of the court below, or, should the parties fail to agree, then the judge of the court below shall certify the facts; or on a bill of exceptions to the opinion of the judge; or on special verdict; or on an error in law, either assigned or apparent on the face of the record; and in the absence of all of these, the case shall be dismissed for costs alone or with costs and damages at the discretion of the court."

Article 1018 of the Revised Civil Statutes reads as follows:    "The appellant or plaintiff in error shall in all cases file with the clerk of the

court below all assignments of error distinctly specifying the grounds on which he relies, before he takes the transcript of the record from the clerk's office; all errors not distinctly specified are waived."

The substance of the two articles above quoted was embodied in articles 1581 and 1591 of Paschal's Digest, and have been continued as the law since that time. They have received construction by our Supreme Court in a number of cases, in which it has been uniformly held that the court would not take cognizance of any error not assigned unless it be an error of law apparent upon the record, or, as it is frequently said, a fundamental error. (Fordyce v. Dixon, 70 Texas, 694; Van Valkenburg v. Ruby, 68 Texas, 139; Railway v. Scanlan, 44 Texas, 649; Siese v. Malsch, 54 Texas, 356; Pfeuffer v. Maltby, 54 Texas, 454.)

The plaintiff in error recovered a judgment in the District Court against the defendant, which she was entitled to have affirmed by the Court of Civil Appeals, unless it was reversed upon some "error in law, either assigned or apparent on the face of the record." If the ground upon which the Court of Civil Appeals reversed the judgment of the District Court is not an error of law apparent on the face of the record and is not embraced in any of the errors assigned, then the Court of Civil Appeals had no authority to take cognizance of such error, because it was by law waived by the failure of the appellant in that court to make an assignment thereof. If the court had no legal right to take cognizance of the question, then for it to do so is an error of law, which gives this court jurisdiction to revise its action.

The Court of Civil Appeals does not discuss the different assignments of error made by the appellant in that court, but virtually overrules them all, and then comes to this proposition in the opinion: "The title of the appellant to the land in controversy does not depend upon the validity of the conveyance by the administrator of John J. Crowson to Wright Edmundson or to Nancy Denman, for it is shown by the record that the land was never administered upon and that there was no administration sale thereof." This virtually overrules the third and eighth assignments, which were based upon the failure of the District Judge who tried the case to hold that title passed by the deed to Jno. J. Crowson and Wright Edmundson to Nancy Denman. After disposing of this question, the court continues: "But if a bond for title had been executed by Crowson in his life-time to Edmundson, and the purchase money paid, Edmundson would have acquired a good and absolute title to the land. The payment of the purchase money will be presumed from the lapse of time if the execution of the bond for title is once shown, there being no evidence that it had not in fact been paid. While the execution and existence of a deed may not be presumed as a mere inference of law, yet the fact is open for the jury to find as in other cases and may be proved by circumstantial evidence." After reciting the facts and circumstances which tend to show that Crowson in his life-time had made a conveyance of this land, the court proceeds thus: "These are strong facts to show

that Crowson in his life-time conveyed the land, the recital in the deed from Edmundson and Crowson, administrator, to Nancy Denman furnishes the clew to the conveyance.   Of course, the recital is not admissible in evidence to bind Mrs. Searcy as estoppel, because she does not claim under or in privity with the deed in which it is made, but being contained in an ancient instrument which comes from the proper custody and followed by possession of the land, it is a circumstance to show that a bond for title was in fact executed by John J. Crowson to Wright Edmundson, and we conclude that such bond for title was in fact executed and that appellant has an absolute title to the land." And upon this finding, the judgment of the District Court is reversed and judgment is rendered for the appellant, that is, the defendant in error here.

We have quoted from the opinion of the Court of Civil Appeals in order to arrive at the character of the question upon which the reversal was had.   The judge of the District Court tried the case without a jury, and upon the same evidence concluded that there was no bond for title or conveyance of any kind from John J. Crowson to Wright Edmundson. Now, the existence or non-existence of such an instrument was a fact to be found by the trial court or the jury from the facts and circumstances recited in the opinion of the Court of Civil Appeals.   The effect of the decision of the Court of Civil Appeals is, that the judge of the District Court erred in not finding as a fact that the bond for title or conveyance was made from John J. Crowson to Wright Edmundson, and for this error the judgment is reversed.   Granting that the District Court erred in its findings upon this question, it was an error in finding the facts of the case and not an error of law.   Suppose that the case had been tried by a jury upon the same evidence and the district judge had instructed the jury to find that a conveyance or bond for title had been made by John J. Crowson to Wright Edmundson, could such instruction have been sutained? We think that it certainly could not, because it is a matter of fact to be found from the evidence and not a conclusion of law to be drawn from the facts.   If a conveyance in the form of deed or bond for title from John J. Crowson to Wright Edmundson had been introduced in evidence, the execution of which was not in controversy, and if, under these circumstances, the court had found against the defendant, who claimed under that conveyance, in favor of the plaintiff, who claimed as the heir of John J. Crowson, this would have been an error of law apparent upon the record, because the plaintiff could not have recovered as the heir of John J. Crowson property which he had conveyed in his life-time, and for such an error as that the Court of Civil Appeals might reverse the judgment, although the error was not assigned, because as a matter of law no such judgment could be properly entered or sustained upon the evidence shown by the record.   An error, not assigned, of which the Court of Civil Appeals may take cognizance, must be an error of law apparent on the record, which necessarily affected the result, and it must plainly appear from the

record that in the absence of such error the result might have been different.

We have examined the other assignments made by the appellant in the Court of Civil Appeals and find no cause for reversing the judgment of the District Court upon any error assigned in that court. We hold that the Court of Civil Appeals had no right to take cognizance of an error of fact not assigned, and that its reversal of the judgment of the District Court upon the error suggested in the opinion, which was not assigned, was itself an error of law, for which we reverse the judgment of the Court of Civil Appeals, which reversed the judgment of the District Court and rendered judgment in favor of the defendant in error, and we hereby affirm the judgment of the District Court.

*Judgment of Court of Civil Appeals reversed.*
*Judgment of District Court affirmed.*