WILLIAM M. RICE INSTITUTE et al. v. FREEMAN.†

(Court of Civil Appeals of Texas. Galveston. Feb. 29, 1912. Rehearing Denied March 21, 1912.)

1. APPEAL AND ERROR (§ 719*)—ASSIGNMENTS OF ERROR—NECESSITY.

Admission of secondary evidence of the execution and contents of deeds without preliminary proof of the loss of the originals is not fundamental error apparent of record reviewable without an assignment of error.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2968-2982; Dec. Dig. § 719.*]

2. EVIDENCE (§ 183*)—SECONDARY EVIDENCE—LOST DEEDS.

Where the evidence showed that deeds were lost, failure to prove by a recorder who had them in his official custody many years before, or what he did with them after recording them, did not preclude secondary evidence as to their execution and contents.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 605-637; Dec. Dig. § 183.*]

3. EVIDENCE (§ 186*)—SECONDARY EVIDENCE—COPIES OF COPIES.

Generally, copies of copies are not admissible as secondary evidence of the contents of the original instruments.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 64, 661-673; Dec. Dig. § 186.*]

4. EVIDENCE (§ 347*) — RECORDS — COPIES—OTHER STATES.

The Texas statute, which authorizes the introduction in evidence of a certified copy of a deed, applies only to deeds properly recorded in Texas, and not to copies of deeds recorded in other states conveying land in Texas.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1361-1383; Dec. Dig. § 347.*]

5. EVIDENCE (§ 347*)—COPIES OF RECORDS—OTHER STATES.

Examined copies of deeds as recorded in another state were admissible to show that the records contained purported copies of the deeds now lost.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1361-1383; Dec. Dig. § 347.*]

6. TRESPASS (§ 46*) — DAMAGES—WILLFULNESS—EVIDENCE—SUFFICIENCY.

Evidence, in an action for taking timber, held to warrant a finding that the taking was willful, as affecting plaintiff's right to recover the value of the timber in its manufactured state.

[Ed. Note.—For other cases, see Trespass, Cent. Dig. §§ 123-127; Dec. Dig. § 46.*]

7. TRESPASS (§ 52*)—TAKING OF TIMBER—DAMAGES.

One recovering for a willful and wrongful taking of timber is entitled to recover its value in its manufactured state, e. g., where the timber is manufactured into staves.

[Ed. Note.—For other cases, see Trespass, Cent. Dig. §§ 137, 138; Dec. Dig. § 52.*]

8. TRIAL (§ 328*)—VERDICT—SUFFICIENCY.

A verdict awarding land to plaintiff and giving him specified damages, in a suit against five defendants, was good as a verdict against two only, where the pleadings and instruction

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes
† Writ of error granted by Supreme Court.

clearly showed that recovery for the timber was sought only against them.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 771–773; Dec. Dig. § 328.*]

9. DAMAGES (§ 228*)—REMITTITUR—TIME FOR FILING.

Remittitur by a successful plaintiff can be filed and acted upon before as well as after entry of the judgment.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 576–579; Dec. Dig. § 228.*]

10. APPEAL AND ERROR (§ 877*)—PARTIES.

An appellant is not entitled to review of a judgment over against a codefendant not made a party to the appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3560–3572; Dec. Dig. § 877.*]

Appeal from District Court, Jasper County; W. B. Powell, Judge.

Action by Joseph Freeman against the William M. Rice Institute and others. Judgment for plaintiff, and defendants Institute, Szeuber, and Koshmerl appeal. Reformed and affirmed.

See, also, 128 S. W. 629.

Orgain & Butler and H. C. Howell, for appellants. W. W. Blake, for appellee.

PLEASANTS, C. J. This suit was brought by appellee against the appellants, William M. Rice Institute, G. C. McCarty, J. W. De Witt, Stephen Szeuber, and Joe Koshmerl, to recover the title and possession of 1,280 acres of land, a part of the Thomas Turner league situated in Jasper and Newton counties, and the value of timber cut and removed from said land by the defendants Szeuber and Koshmerl. The defendant Rice Institute presented a general demurrer to the petition, disclaimed title to that portion of the land lying in Jasper county, and as to the remainder of the land pleaded not guilty. Defendants McCarty and De Witt answered by general demurrer and plea of not guilty. Defendants Szeuber and Koshmerl made same answer and also pleaded limitation of three, five, and ten years. They further pleaded that they were purchasers in good faith of a portion of the timber on said land from their codefendants McCarty and De Witt, whom they impleaded on their warranty of title to said timber. The trial in the court below with a jury resulted in a verdict and judgment in favor of the plaintiff against all of the defendants for the land in controversy and against the defendants Szeuber and Koshmerl for the sum of $900, the value in its manufactured state of the timber taken by them from the land. Judgment was also rendered in favor of defendants Szeuber and Koshmerl against the defendants McCarty and De Witt on their warranty for the sum of $1,400. This appeal is prosecuted by the defendants Rice Institute and Szeuber and Koshmerl.

The opinion of this court on a former appeal of this case, reported in 128 S. W. 629

et seq., is referred to for a statement of the chain of title under which plaintiff claims. Two of the deeds in this chain of title were not produced, and plaintiff was allowed to introduce secondary evidence of their execution and contents. This evidence consisted of examined copies from the deed records of Early county, Ga., and the testimony of James N. Evans, the recorder who made said records, and of J. T. Freeman, the recorder who made the copies offered in evidence, and was, at the time said copies were made, the legal custodian of said records.

[1] Appellants present as fundamental error apparent of record the ruling of the trial court in permitting plaintiff to introduce secondary evidence of the execution and contents of the alleged lost deeds when the loss of the original deeds was not proven by the testimony of the last person in whose custody they were shown to have been. No assignment specifically complaining of this ruling of the court appears in the record, and we think it clear that if there was error in the ruling it is not "fundamental error apparent of record," and in the absence of a proper assignment we would not be authorized to consider the question. Houston Oil Co. v. Kimball, 103 Tex. 94, 122 S. W. 536; Searcy v. Grant, 90 Tex. 97, 37 S. W. 320; City of Beaumont v. Masterson, 142 S. W. 984.

[2] There are, however, assignments in the record which complain of the ruling of the court in allowing plaintiff to introduce secondary evidence of the execution and contents of the deeds on the ground that their loss had not been shown, and under these assignments appellants present the following proposition: "In order to introduce secondary evidence of a lost deed, it is essential that the loss be proved by the person last having possession of the deed." James N. Evans, a witness for plaintiff, testified, in substance, that in 1864 he held the office of recorder of deeds for Early county, Ga.; that the records of the deeds in question in Book K of the Deed Records of said county were made by him; that at the time he made said records, February 26, 1864, he had before him what he believed to be the original deeds, and he believes that he correctly copied the original deeds on the record. He does not remember that he compared the originals with the record, but it was his custom to do so. He knew the signature of the grantor in one of the deeds and that of one of the grantors in the other. He supposes he noticed these signatures at the time he made the record, but cannot now positively recall the fact that he did. This witness was not asked and did not testify whether the original deeds were lost, and he does not state what he did with the originals after he made the record. The evidence shows

that search had been made in the recorder's office for said deeds, and that they could not be found, and that inquiry had been made of the heirs of the grantees in the deeds and of persons who subsequently acquired title under them, and no information could be obtained in regard to them. The evidence is ample to sustain the conclusion that the deeds are lost, and the failure to prove by the recorder, who had them in his official custody in 1864 for the purpose of recording them, what he did with them after he made the record, does not destroy the effect of the testimony showing their loss. There can be no presumption that the recorder has the deeds or that he took them from the office at the expiration of his term. He had no personal interest in them or in their preservation, and they would be much more likely to be found in the official custody of the present recorder, or at least in the recorder's office, and, as before stated, inquiry and search in that quarter was unavailing.

[3-5] The second proposition presented by appellants is as follows: "The copies introduced, being merely copies of copies and not copies of the original, were not admissible for any purpose." Every copy of a record is a copy of a copy, and as a general rule such copies are not admissible as secondary evidence of the original. Our statute which authorizes the introduction in evidence of a certified copy of a deed applies only to deeds properly recorded in this state, and not to copies of deeds recorded in other states conveying land in this state. Williamson v. Work, 33 Tex. Civ. App. 369, 77 S. W. 267. The copies of the deeds in question were examined copies, and were introduced, not as evidence in themselves of the execution and contents of the deeds, but for the purpose of showing that the deed records in Early county, Ga., contained purported copies of the alleged lost deeds. The fact that said record contained such copies was admissible as a circumstance tending to show the execution and the contents of the lost deeds.

The two propositions before set out present the only objections urged by appellants to the judgment in favor of plaintiff for the land in controversy.

[6, 7] Under appropriate assignments of error, the appellants Szeuber and Koshmerl complain of the charge of the court submitting the issue of whether plaintiff was entitled to recover the value in its manufactured state of the timber taken by said defendants from the land and of the verdict of the jury awarding plaintiff the value of such manufactured timber, on the ground that there is no evidence tending to show that the timber was wrongfully and willfully taken, and therefore plaintiff was only entitled to the value of the timber in its natural and unmanufactured state. The record shows that these appellants purchased the timber from their codefendants McCarty and De Witt after plaintiff had filed suit against said de-

fendants and appellant Rice Institute for recovery of the land. When they made the purchase, it was agreed between them and their said vendors that, if the title to the land failed the said McCarty and De Witt would repay said appellants the money paid by them for the timber. After making this purchase and agreement, appellants went upon the land, cut and manufactured into staves a portion of the timber thereon. The number of staves so manufactured, and which were appropriated by said appellants, was shown to be 20,-000, and to be worth $40 per 1,000. The record shows that McCarty and De Witt had no title to the land. If there is any evidence tending to show that Szeuber and Koshmerl made any investigation whatever as to the title of their vendors, or that they believed or had any reasonable ground to believe that McCarty and De Witt owned the land, it is not set out in appellants' brief, nor is any reference made to the record where such testimony may be found, and we are therefore justified in concluding that no such testimony was adduced. Such being the state of the record, we think the trial judge properly submitted to the jury the question of whether the timber was taken by said appellants in good faith under the honest belief that they had title thereto, or was wrongfully and willfully taken, and that the evidence is sufficient to sustain the finding of the jury that the taking was willful and plaintiff was entitled to recover the value of the timber so taken in its manufactured state. Louis Werner Stave Co. v. Pickering, 55 Tex. Civ. App. 632, 119 S. W. 333; Callen v. Collins, 56 Tex. Civ. App. 620, 120 S. W. 546.

[8] The next objection to the judgment which is presented under an appropriate assignment of error is that it is not supported by the verdict of the jury, in that the verdict does not find against the defendants Szeuber and Koshmerl for the value of the timber taken from the land. The verdict is as follows: "We, the jury, find in favor of plaintiff for all land sued for and damages for all timber cut at manufactured value of $45 per 1,000 for 21,000 staves, and we also find in favor of Szeuber and Koshmerl against G. C. McCarty and J. W. De Witt for $1,400." Appellants contend that it cannot be determined from this verdict against which of the five defendants the jury found in favor of plaintiff for the value of the staves. There is no uncertainty in this verdict when considered in connection with the pleadings and the charge of the court. The petition sought recovery against all of the defendants for the land, but the only allegation as to the wrongful taking of the timber for which damages are sought to be recovered are as follows: "That after the institution of this suit, and after due notice of the pendency of same, the defendants Stephen Szeuber and Joe Koshmerl, by the connivance and consent of the defendants G. C. McCarty and J. W. De Witt, and under a pretended right from and under

said defendants, did on or about the 5th day of January, 1906, and on divers other days after said date, did, without leave and without the consent of plaintiff, forcibly and wrongly enter upon the said land of plaintiff, and wrongfully and without leave of plaintiff, cut down, destroyed, and made into staves a large number of oak trees, to wit, about 247 trees, of the value of $5 each, and made and marketed a large number of staves, to wit, about 24,700, of the value of $40 per 1,000, and converted and disposed thereof to their own use to the damage of plaintiff $1,235." The charge of the court upon the question of damages only submits to the jury the issue of the wrongful taking of the timber by the defendants Szeuber and Koshmerl. In the light of the record we think it perfectly plain that the jury found in favor of plaintiff against Szeuber and Koshmerl for the value of the staves, and the verdict must be so construed. Avery v. Avery, 12 Tex. 58, 62 Am. Dec. 513; Railway Co. v. James, 73 Tex. 12, 10 S. W. 744, 15 Am. St. Rep. 743; Garrett v. Robinson, 93 Tex. 413, 55 S. W. 564.

[9] Upon the return of the verdict, and before the entry of the judgment thereon, plaintiff entered a remittitur of the sum of $45 of the damages found by the jury, and judgment was rendered and entered for $900 instead of $945, the sum found by the jury. We see no reason for holding that a remittitur cannot be filed and acted on as well before as after the entry of the judgment. The judgment recites that plaintiff had remitted $45, and for that reason the amount adjudged against the defendants was $45 less than the amount found by the verdict. There was no error in this method of disposing of motion to remit, and the assignment complaining of the judgment on this ground is without merit.

[10] The assignments complaining of the judgment in favor of Szeuber and Koshmerl against McCarty and De Witt on the ground that no interest was allowed appellants on the $1,400 awarded them against their said codefendants cannot be considered because the defendants McCarty and De Witt are not parties to this appeal. If these appellants were not satisfied with their judgment over against their said codefendants, they should have made said defendants parties to this appeal by executing an appeal bond in their favor, and, having failed to do this, we cannot consider the assignments complaining of the judgment against said defendants.

This disposes of all of the assignments presented by appellants.

It appears from the record that the verdict in favor of appellee for 21,000 staves at $45 per 1,000 is clearly erroneous because the undisputed evidence shows that only 20,000 staves were taken, and that they were worth only $40 per 1,000. When appellee filed his remittitur, he evidently intended to reduce the amount of the verdict to the sum shown by the evidence, but for some reason failed to do so. We think the judgment should be reformed so as to conform to the undisputed evidence as to the value of the staves, and as so reformed should be affirmed, and it has been so ordered.

Reformed and affirmed.