CONSOLIDATED KANSAS CITY SMELTING & REFINING CO. v. SCHULTE.†
(No. 440.)

(Court of Civil Appeals of Texas. El Paso. April 15, 1915. Rehearing Denied May 13, 1915.)

1. NEGLIGENCE ☞1—DEFINITION.
"Negligence" is a failure to do what a reasonably prudent person would ordinarily have done under the same or similar circumstances, or the doing of what a reasonably prudent person under the same or similar circumstances would not have done.
[Ed. Note.—For other cases, see Negligence, Cent. Dig. § 1; Dec. Dig. ☞1.
For other definitions, see Words and Phrases, First and Second Series, Negligence.]

2. TRIAL ☞273 — INSTRUCTIONS — TIME FOR OBJECTION.
An objection not presented to the court before giving of the charge to the jury is waived under Acts 33d Leg. c. 59 (Vernon's Sayles' Ann. Civ. St. 1914, arts. 1984a, 1954, 1970, 1971, 1973, 1974, 2061), regulating the time and manner of submitting instructions to the jury.
[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 680–682; Dec. Dig. ☞273.]

3. MASTER AND SERVANT ☞204—INJURY TO EMPLOYÉ — PRIVATE CARRIER — STATUTE — "RAILROAD."
In an action against an employer for the death of a servant, resulting from failure to equip cars with automatic couplers, where such employer operated a private railroad in its own yards, although the cars, engines, and tracks were smaller than standard gauge, it was a "railroad," within Rev. St. 1911, art. 6645, providing that, in suit against a person operating a railroad for injuries to a servant caused by negligence, the defense of assumed risk through knowledge of the servant of the defect shall not be valid in certain cases, as where the defect was known to the employer, so that a charge on the assumption of risk was properly refused.
[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 544–546; Dec. Dig. ☞204.
For other definitions, see Words and Phrases, First and Second Series, Railroad.]

4. MASTER AND SERVANT ☞204—INJURY TO SERVANT—NEGLIGENCE OF EMPLOYER—"DEFECT" IN EQUIPMENT—PRIVATE CARRIER—STATUTE.
In an action against an employer for death of a servant caused by failure of such employer, operator, within its own yards, of a narrow gauge railroad, to equip its cars with automatic couplers, the failure to so equip was a defect,

within Rev. St. 1911, art. 6645, providing that, in suit against a person operating a railroad for injuries to a servant caused by the negligence of such railroad, the defense of assumed risk through knowledge of the servant of the defect shall not be valid where the defect was known to the employer.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 544–546; Dec. Dig. ☞ 204.

For other definitions, see Words and Phrases, First and Second Series, Defect.]

5. APPEAL AND ERROR ☞719.—REVIEW—UNASSIGNED "ERROR APPARENT ON FACE OF RECORD."

In an action against an employer for death of its servant, error of the court in applying the Employers' Liability Act April 22, 1908, c. 149, 35 Stat. 65 (U. S. Comp. St. 1913, §§ 8657–8665), was not such "error apparent on the face of the record," which is fundamental error, as to authorize its consideration when not properly assigned.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2968–2982, 3490; Dec. Dig. ☞719.

For other definitions, see Words and Phrases, Second Series, Apparent upon the Face of the Record.]

6. CONSTITUTIONAL LAW ☞238 — MASTER AND SERVANT ☞204—EQUAL PROTECTION OF LAW—REGULATION OF RAILROADS.

Rev. St. 1911, art. 6645, providing that, in any suit against a person operating a railroad for injuries to a servant caused by negligence, the defense of assumed risk through knowledge of the servant of the defect shall not be valid, where the defect was known to the employer, is not unconstitutional as denying to the employer the equal protection of the laws, or as making an arbitrary classification of employers, based upon no just and proper relation of difference.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. §§ 688–690, 695, 706–708; Dec. Dig. ☞238; Master and Servant, Cent. Dig. §§ 544–546; Dec. Dig. ☞204.]

Appeal from District Court, El Paso County; P. R. Price, Judge.

Action by Genevieve Schulte against the Consolidated Kansas City Smelting & Refining Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Davis & Goggin, of El Paso, for appellant. John L. Dyer, Frank Feuille, Jr., and A. R. Grambling, all of El Paso, for appellee.

HIGGINS, J. Appellee, a minor, suing by next friend, brought this suit to recover damages arising out of the death of her father, an employé of appellant. The death of deceased resulted from personal injuries sustained in attempting to couple two slag cars of defendants operated upon a line of railroad belonging to appellant.

[1] The court, in its charge, defined negligence, ordinary care, and contributory negligence as follows:

" 'Negligence' is a failure to do what a reasonably prudent person would ordinarily have done under the same or similar circumstances, or in doing what a reasonably prudent person under the same or similar circumstances would not have done."

"By 'ordinary care' is meant such care to avoid injury to another as a person of ordinary prudence would commonly exercise under the same or similar circumstances."

" 'Contributory negligence,' in its legal significance, is such an act or omission on the part of the person injured amounting to a want of ordinary care, as, concurring or co-operating with some negligent act or omission of the defendant, proximately causes or contributes to cause the injury complained of."

The definition of negligence does not present reversible error. Railway Co. v. Safford, 48 S. W. 1105; rule 62a.

It is urged that the instruction relating to contributory negligence is misleading, in view of the definition given of ordinary care; that, by the instruction that "by ordinary care is meant such care to avoid injury to another as a person of ordinary prudence would commonly exercise under the same or similar circumstances," the jury would therefore assume that Schulte was not guilty of contributory negligence, unless he failed to use ordinary care to avoid injury to some one else, rather than to himself.

[2] This criticism of the charge was not presented to the court, as required by chapter 59, Acts of 1913, for which reason it is overruled.

Departing from approved definitions is not to be commended. It injects controversies and questions of doubt where none should arise, and, under certain circumstances, the definitions here used might necessitate a reversal.

The proposition urged in support of the fifth and sixth assignments is not germane, for which reason it is not entitled to consideration. Railway Co. v. Miller, 88 S. W. 499; Insurance Co. v. Sadau, 167 S. W. 334; Ford Motor Co. v. Freeman, 168 S. W. 80. If considered, it would be overruled, because it presents the criticism to the definition of contributory negligence given in the court's charge above noted, and which was waived because not objected to before it was read to the jury. Chapter 59, Acts of 1913.

The court properly refused to give peremptory instructions in favor of appellant requested upon the theory that deceased, as a matter of law, was guilty of contributory negligence in making the coupling. An inspection of the evidence discloses that this issue was one to be submitted to the jury for its determination.

[3] The negligence of defendant is alleged to have consisted in its failure to equip its cars with automatic couplers. The case was submitted upon special issues, and the jury found that it was negligence upon defendant's part in failing to so equip its cars. The defendant's railroad was a private carrier operated in its own yards only; the cars, engines, and tracks being much smaller than a standard gauge line of railway. Its equipment and construction was such that it cannot reasonably be contended that it was not operating a railroad. The fact that its cars

and locomotives were smaller and track narrower than standard gauge railroads does not alter the fact that in all essential respects it was a railroad. The court did not err in treating the same as a railroad, within the meaning of article 6645, R. S. Rice v. Lewis, 125 S. W. 963; Cunningham v. Neal, 101 Tex. 338, 107 S. W. 539, 15 L. R. A. (N. S.) 479; Lodwick Lbr. Co. v. Taylor, 39 Tex. Civ. App. 302, 87 S. W. 358; Lumber Co. v. Watson, 155 S. W. 179; Kirby Lumber Co. v. Owen, 56 Tex. Civ. App. 370, 120 S. W. 937.

Therefore, under the provisions of the statute quoted, a charge upon assumed risk was properly refused, as the defect was known to the employer.

It cannot be said that the jury erred in finding that defendant was negligent in failing to equip its cars with automatic couplers. There is an abundance of evidence that it was entirely feasible to do so. A quotation thereof would uselessly incumber the record. The same is true of the contention that there is no evidence to support the finding that this negligence was the proximate cause of Schulte's injury and death.

What has been said disposes of the thirteenth and fourteenth assignments.

[4] The jury having found that it was negligence on defendant's part in failing to equip its cars with automatic couplers, and it necessarily knowing that its cars were not so equipped, the deceased therefore did not assume the risk incident to the use of the cars so equipped. The failure to equip with automatic couplers was a defect, within the meaning of article 6645, R. S.

[5] The proposition subjoined to the seventeenth assignment is not germane, but entirely foreign thereto, and the assignment itself is therefore not entitled to consideration. But it is urged the question presented is fundamental in its nature, which requires consideration, though the error was not assigned in the court below. This court can consider only errors assigned and errors in law apparent on face of the record. All others are waived. Article 1612, R. S., as amended by Acts of 1913, p. 276 (Vernon's Sayles' Ann. Civ. St. 1914, art. 1612); article 1607, R. S.; Court of Civil Appeals rule 23; Searcy v. Grant, 90 Tex. 97, 37 S. W. 320; City of Beaumont v. Masterson, 142 S. W. 984; Rice Institute v. Freeman, 145 S. W. 688.

The term "error in law apparent on face of the record" seems to be synonymous with "fundamental error." Searcy v. Grant, 90 Tex. 97, 37 S. W. 320; Houston Oil Co. v. Kimball, 103 Tex. 94, 122 S. W. 533, 124 S. W. 85.

If it be conceded that the point here made presents an error upon the part of the court in applying the provisions of the Employers' Liability Act, yet it is not such an error as would authorize this court to consider same, unless properly assigned. It does not fairly fall within the meaning of "an error in law apparent on face of the record," as the term has been construed by our courts. Searcy v. Grant, supra; Wilson v. Johnson, 94 Tex. 272, 60 S. W. 242; Houston Oil Co. v. Kimball, 103 Tex. 94, 122 S. W. 533, 124 S. W. 85; Oar v. Davis, 105 Tex. 479, 151 S. W. 794.

What has heretofore been said regarding the status of appellant's line as a railroad, within the meaning of the law, disposes of the seventeenth assignment.

[6] The eighteenth assignment raises a constitutional question; it being apparently directed against article 6645, R. S. It is objected that the statute denies to appellant equal protection of the laws and makes an arbitrary classification, based upon no difference bearing a just and proper relation to the attempted classification. We are of the opinion the objection is untenable. Railway Co. v. Foth, 45 Tex. Civ. App. 275, 100 S. W. 175; Railway Co. v. Drew, 140 S. W. 810; Railway Co. v. Blackburn, 155 S. W. 625; Receiver v. Cook, 86 Tex. 634, 26 S. W. 486, 40 Am. St. Rep. 878; Supreme Lodge, etc., v. Johnson, 98 Tex. 1, 81 S. W. 18; Ins. Co. v. Chowning, 86 Tex. 654, 26 S. W. 982, 24 L. R. A. 504; State v. Railway Co., 143 S. W. 223; Campbell v. Cook, 24 S. W. 979; Railway Co. v. Bailey, 53 Tex. Civ. App. 295, 115 S. W. 601; Railway Co. v. Mackey, 127 U. S. 210, 8 Sup. Ct. 1161, 32 L. Ed. 107; Railway Co. v. Ellis, 165 U. S. 150, 17 Sup. Ct. 255, 41 L. Ed. 666; Cotting v. Godard, 183 U. S. 112, 22 Sup. Ct. 30, 46 L. Ed. 92; Railway Co. v. Osborn, 189 U. S. 390, 23 Sup. Ct. 540, 47 L. Ed. 860; 9 Fed. Statutes Ann. pp. 546, 578, §§ 4, 8, authorities there cited.

Affirmed.