HOUSTON & T. C. RY. CO. v. ROBERTS et al. (No. 7316.)

(Court of Civil Appeals of Texas. Galveston. March 29, 1917.)

1. APPEAL AND ERROR ⬩742(1) — ASSIGNMENTS OF ERROR—ABSTRACT PROPOSITION.

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 1612, requiring an assignment of error to distinctly point out the grounds relied on, the

abstract proposition that it is fundamental error to enter a 'judgment when there is no evidence on which to enter such a judgment, with no specific charge that there is no evidence to sustain the judgment, is insufficient, as the statement thereunder giving the evidence cannot be looked to in aid of it.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000.]

2. APPEAL AND ERROR ⬅═➪719(6) — REVIEW — ERROR APPARENT ON FACE OF RECORD—INSUFFICIENCY OF EVIDENCE.

Insufficiency of evidence to sustain a judgment is not error apparent on the face of the record, or fundamental error, which under Vernon's Sayles' Ann. Civ. St. 1914, art. 1607, can be considered on appeal without assignment of error.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2978, 3490.]

3. PLEADING ⬅═➪34(7)—CONSTRUCTION ON APPEAL.

The petition not having been excepted to, every reasonable intendment must be given it in favor of its sufficiency.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 74.]

4. CARRIERS ⬅═➪219(5)—CONNECTING CARRIERS —THROUGH CONTRACT—LIABILITY.

Where cattle are shipped over connecting lines under a through contract of shipment, the final carrier is liable for damages thereto caused by negligence of its connecting carrier.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 950.]

Appeal from Harris County Court; Murray B. Jones, Judge.

Action by Austin Roberts and another against the Houston & Texas Central Railway Company. From a judgment for plaintiffs, defendant appeals. Affirmed.

Stephen H. Philbin and Baker, Botts, Parker & Garwood, all of Houston, for appellant. Elbert Roberts and Geo. A. Delhomme, both of Houston, for appellees.

PLEASANTS, C. J. This suit was brought by Austin Roberts and Lee Badtke against appellant in a justice court of Harris county to recover the sum of $167.50 as damages for injury to cattle shipped by plaintiffs from Nacogdoches, Tex., to the town of Hockley, a station on appellant's railroad in Harris county. Plaintiffs also asked for recovery of $20 as attorney's fees because of the failure of appellant to pay said damages within 30 days after written claim therefor had been presented to it, thereby forcing plaintiffs to employ an attorney to prosecute this suit. The sum of $20 attorney's fees is alleged to be reasonable and the amount which plaintiffs have contracted to pay their attorney for prosecuting this suit. The defendant answered by general denial.

A trial in the justice court resulted in a judgment in favor of plaintiffs for the full amount claimed by them, and upon appeal to the county court at law and a trial de novo in said court a like judgment was rendered.

The cause was submitted to a jury in the court below upon special issues. The evidence was sufficient to sustain the findings of the jury and the judgment that the cattle were shipped as alleged by plaintiffs and were damaged by the negligence of appellant's connecting carrier to the extent claimed by plaintiffs.

We shall not set out nor discuss the various assignments of error contained in appellant's brief relating to the admission of evidence objected to by defendant and the exclusion of evidence offered by it. It is sufficient to say that we have considered all of said assignments, and none of them, in our opinion can be sustained. If any error is shown by any of said assignments, it is not such as probably influenced the jury in arriving at the verdict, and must be regarded as harmless.

[1] The ninth assignment of error and the statement thereunder are as follows:

"It is fundamental error to enter a judgment in favor of a party when there is no evidence upon which such a judgment can be entered.

"Statement.

"Judgment was entered by the trial court that 'the plaintiffs, Austin Roberts and Lee Badtke, do recover of and from the defendant, Houston & Texas Central Railroad Company, their judgment in the sum of $193.70,' etc.

"Austin Roberts testified: 'My name is Austin Roberts; I am the plaintiff in this suit. I live in Hockley. I shipped four cars of cattle from Nacogdoches, Tex., to Hockley, Tex., about February 23, 1915. The cattle belonged to me.'

"There is no other testimony in the record with regard to the ownership of the cattle or of the interest of Roberts or Badtke in them."

[2] We do not think this assignment is sufficient to require consideration. It is nothing more than an abstract proposition of law, and makes no specific charge that there is no evidence in this case to sustain the judgment. We cannot look to the statement following the assignment in aid of the assignment, but the assignment itself must distinctly point out an error committed by the trial court. Article 1612, Vernon's Sayles' Statutes. The error attempted to be pointed out was not called to the attention of the trial court in the motion for new trial, and is not an error "apparent on the face of the record," as that term is used in article 1607, Vernon's Sayles' Statutes. In discussing the question of the sufficiency of assignments and propositions attempting to present errors "appearing on the face of the record," our Supreme Court, in the case of Houston Oil Co. v. Kimball, 103 Tex. 94, 122 S. W. 533, speaking by Judge Brown, says:

"Does the assignment here presented come within the terms of the statute; that is, is it apparent upon the face of the record? Webster defines the word 'apparent' thus: 'Clear or manifest to the understanding; plain; evident; obvious; appearing to the eye or mind.' This does not mean that an error which can be ascertained by looking into the record and considering the evidence may be considered without an assignment; for that would include every error which can be considered at all. Nothing can

be considered as an error which cannot be made apparent by an examination of the record. Therefore the language of the statute must be given that construction which will make it consistent with its requirements in other respects. The language 'apparent upon the face of the record' indicates that it is to be seen upon looking at the face of the record (that is, the assignment itself), the fact pointed out by it must show a good and sufficient ground for the court to interfere to prevent injustice being done to one of the parties. Perhaps the best expression is that it must be a fundamental error, such error as, being readily seen, lies at the base and foundation of the proceeding and affects the judgment necessarily. Wilson v. Johnson, 94 Tex. 272, 60 S. W. 242; Searcy v. Grant, 90 Tex. 97, 37 S. W. 320; Fuqua v. Brewing Co., 90 Tex. 298, 38 S. W. 29, 750, 35 L. R. A. 241; Harris v. Petty, 66 Tex. 514, 1 S. W. 525. This view of this assignment is supported by the course of the plaintiffs in error. If we take the first assignment in its terms, there is not apparent upon the face of that record any one of the things pointed out in the propositions under it. By an examination of the record it might be found that the facts existed as claimed in the propositions, but they are not manifest, and not evident, not obvious, without an examination and weighing of the evidence to determine whether or not the assignment is well taken. We are of opinion that the assignments which were made in the Court of Civil Appeals and presented here in the application cannot be considered, because they do not come within the meaning of the statute that we have quoted above, and were not assigned in the district court for presentation to the Court of Civil Appeals as required by law."

This holding is not in conflict with the case of Railway Co. v. Reed, 189 S. W. 999. In that case it was held that a petition alleging a joint cause of action in two persons would not support a judgment in favor of one of the plaintiffs upon a cause of action which the record showed was separate and distinct from his coplaintiff's cause of action, and that the rendition of such judgment was an error apparent on the face of the record which the court was authorized to correct in the absence of an assignment of error raising the question. The error in the case cited was shown in the recitals of the judgment, and was therefore clearly an error apparent upon the face of the record.

The tenth assignment is as follows:

"It is fundamental error to render judgment against the connecting and final carrier in an intrastate shipment, where the plaintiffs alleged and proved that the damages complained of occurred upon the line of the initial carrier, and there were neither allegations nor proof that the contract of shipment was a contract for through carriage."

This assignment is not entitled to consideration for the reasons just stated in discussing the sufficiency of assignment No. 9.

[3, 4] We think, however, that the allegations of the petition are sufficient to admit proof of the fact that the cattle were shipped upon a contract for through carriage. There was no exception to the petition, and every reasonable intendment must be given it in favor of its sufficiency. If the cattle were shipped under a through contract of carriage,

appellant is liable for damages caused by the negligence of its connecting carrier. Railway Co. v. Waltman, 132 S. W. 518.

The remaining assignment of error is without merit, and is overruled without discussion.

We are of opinion that the judgment of the court below should be affirmed, and it has been so ordered.

Affirmed.