## REED v. THOMASON et al. (No. 1317.)

(Court of Civil Appeals of Texas. El Paso. April 6, 1922. Rehearing Denied May 18, 1922.)

**Appeal and error &#9750;719(1)—Unassigned error not reviewed.**

Courts of Civil Appeals are limited by statute to the consideration of errors assigned in the manner prescribed by law and errors apparent on the face of the record, and, where questions on appeal were not supported by an assignment of error and presented no error apparent on the face of the record fundamental in its nature, they cannot be reviewed.

Appeal from District Court, Throckmorton County; W. R. Chapman, Judge.

Suit by Edna Thomason and another against M. H. Reed. From judgment for plaintiffs, defendant appeals. Affirmed.

Brooks, Hart & Woodward, of Austin, and T. R. Odell, of Throckmorton, for appellant.

G. W. Thomason and H. G. McConnell, both of Haskell, for appellees.

HIGGINS, J. Mrs. Thomason and husband brought this suit in the district court of Throckmorton county against appellant, Reed, to rescind a mineral deed executed by Reed to them conveying the oil and gas in certain land in Throckmorton county, to re-

cover back the consideration paid for the conveyance, and to establish and foreclose an equitable lien upon said minerals to secure the repayment of the consideration given for the deed.

Reed filed a plea of privilege to be sued in Travis county where he resided. The plea was controverted, and upon hearing was overruled, from which order Reed prosecutes this appeal.

The ground relied upon for a rescission of the conveyance was fraud, and it was sought to fix the venue in Throckmorton county under subdivision 7 of article 1830, R. S., upon the ground that the fraud in part was committed in that county; and also under subdivision 12 of said article, which confers the right to bring suit for foreclosure of a mortgage or other lien in the county where the property subject to the lien or a portion thereof may be situated.

The record contains no assignments of error, but has been ably briefed by appellant upon these propositions, viz.:

First. That no actionable fraud was shown.

Second. That if actionable fraud was shown, it was not shown to have been committed in Throckmorton county.

Third. Conceding actionable fraud, the plaintiffs have not shown themselves entitled to the lien claimed, and therefore the twelfth subdivision of article 1830 has no application.

Upon the threshold of the case we are confronted with the insistence by appellees that the questions indicated cannot be considered because not supported by any assignment of error and that they present no such error in law apparent upon the face of the record, fundamental in its nature, as will authorize this court to review the same without proper assignments.

Our Supreme Court more than once has held that the Courts of Civil Appeals are limited by statute to the consideration of two classes of error: First, errors assigned in the manner prescribed by law; and, second, error in law apparent upon the face of the record, or, as it is frequently termed, "fundamental error." Scarcy v. Grant, 90 Tex. 97, 37 S. W. 320; Wilson v. Johnson, 94 Tex. 276, 60 S. W. 242; Houston Oil Co. v. Kimball, 103 Tex. 103, 122 S. W. 533, 124 S. W. 85; Oar v. Davis, 105 Tex. 484, 151 S. W. 794.

In the very recent case of Roberson v. Hughes, 231 S. W. 734, by the Commission of Appeals, the action of the Court of Civil Appeals (214 S. W. 946) in reversing and remanding a case upon an error not properly assigned was set aside and the judgment of the trial court affirmed.

In the present case the court below made no findings of fact nor conclusions of law. In the consideration of the propositions presented we are called upon to determine whether the evidence adduced upon the hearing shows actionable fraud; if so, was it committed in Throckmorton county; and, if fraud was shown, are the plaintiffs entitled to an equitable lien upon the mineral interest owned by appellant in the Throckmorton county land to secure the reimbursement to plaintiffs of the moneys received by appellant for his conveyance? We are thus called upon to examine the evidence and determine its legal sufficiency to support the relief sought by appellees and also whether the fraud in part was committed in Throckmorton county, or whether the appellees have an equitable lien upon a landed interest in that county owned by appellant. Under the authorities above cited, we have reached the conclusion that the propositions relied upon by appellant are not of the character which this court is authorized to review in the absence of proper assignments. We are very reluctant to dispose of this appeal upon a question of practice rather than its merits, but feel that we have no alternative.

Affirmed.