## McALLISTER–GROVES LUMBER CO. v. HARRIS. (No. 1725.) *

(Court of Civil Appeals of Texas. El Paso. March 12, 1925. Rehearing Denied April 2, 1925.)

Appeal and error ⬦672—Review by Court of Civil Appeals of trial court's rulings is limited to errors properly assigned and to "fundamental errors."

In view of Complete Texas Statutes 1920 or Vernon's Sayles' Ann. Civ. St. 1914, arts. 1607, 1612, review by Court of Civil Appeals of trial court's rulings is limited to errors properly assigned and to fundamental errors; "fundamental errors" being unassigned errors of law apparent on the face of the record.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Fundamental Error.]

Appeal from District Court, Stephens County; C. O. Hamlin, Judge.

Action between the McAllister-Groves Lumber Company and Mrs. Ella Harris. From an adverse judgment, the lumber company appeals. Affirmed.

Leaverton & Hardy, of Breckenridge, for appellant.

D. T. Bowles and Hickman & Bateman, all of Breckenridge, for appellee.

HIGGINS, J. This appeal is from a judgment upon trial without a jury. No findings of fact and conclusions of law were filed by the trial court. No assignments of error appear in the record.

It is well settled that the Court of Civil Appeals, in its review of rulings by the trial court, is limited to errors properly assigned

and unassigned errors in law apparent on the face of the record; errors of the latter nature, being usually termed "fundamental errors." Articles 1607 and 1612, R. S. Complete Texas Statutes 1920.

The decisions to this effect are numerous. Among them are Searcy v. Grant, 90 Tex. 97, 37 S. W. 320, and Roberson v. Hughes (Tex. Com. App.) 231 S. W. 734. In the case last cited the Commission of Appeals reversed the action of the Court of Civil Appeals in considering an error neither assigned nor fundamental in its nature.

In the present case we are therefore limited to those errors, if any, which are fundamental in their nature. It is asserted by appellant that the errors which it presents are of this character. In this we do not concur. However, we have carefully considered the briefs filed by the parties and think, upon the record presented, there is no error of any character in that portion of the judgment complained of by appellant; but if mistaken in that view we are clearly of the opinion there is no error which can be considered in the absence of a proper assignment. This latter view is sustained by the cases above cited and many others. Some of them are as follows: Wilson v. Johnson, 94 Tex. 276, 60 S. W. 623; Houston Oil Co. v. Kimball, 103 Tex. 94, 122 S. W. 533, 124 S. W. 85; Oar v. Davis, 105 Tex. 484, 151 S. W. 794; Reed v. Thomason (Tex. Civ. App.) 241 S. W. 518.

For the reason indicated, the judgment is affirmed.